U.S. COURT OF APPEALS
RECEIVED
CLERK
NOV 2 9 2024

# THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

MACK WELLS  and MAURICE SYMONETTE

PLAINTIFF

CASE# 24-13671 ~ D

V.

U.S. BANK NA. JOSE E. MARTINEZ, DISTRICT

JUDGE OF THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA,

EDWARDO SANCHEZ

DEFENDANTS

_____/

## NOTICE OF APPEAL

We got this out in 30 days, but the Judge wouldn't respond. And we sent it Informa Pauperis and the Judge would not accept it. We don't have the money because they're trying to make us run out of money by not allowing us to file in forma Pauperus.
Also the Judge has a Conflict of Interest with U.S. Bank in the amount of $250,000.00. I'm filing this Notice of appeal against the Judges Order

Dismissing Plaintiffs complaint with Prejudice in violation of Fl. Stat. 78. Federal Rule 12 (a)(1)(A) and Rule 1002 and 1001. See order exh. A.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true an correct copy of the forgoing has been furnished by U.S. Mail to

Mack Wells

Mack Wells

15020 S. River Dr.

Miami Fl. 33167

Maurice Symonette

15020 S. River Dr.

Miami Fl. 33167

*Exh. A*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MACK WELLS and
MAURICE SYMONETTE,

      Plaintiff,

v.                          Case No.:  1:24-cv-23015-SC

U.S. BANK N.A. ET AL.,

      Defendants.

_____/

## <u>OPINION AND ORDER</u>

Before the Court are two Motions to Dismiss.  One is filed by Judges Spencer Eig and Vivianne Del Rio ("State Defendants").  (Doc. 4).   A second is filed by Judges Jose E. Martinez and Eduardo Sanchez as well as Mary Ann Casale, and AUSA Jonathan Bailyn ("Federal Defendants").   (Doc. 7). Defendant U.S. Bank, N.A. (Doc. 10) and Defendant Juan Fernandez Barquin (Doc. 19) join both Motions.  Plaintiffs, proceeding pro se, have failed to respond to either Motion timely.

Plaintiffs' Complaint consists of mostly jumbled ramblings, so it is hard to pinpoint exactly what they are alleging occurred.  But from what the Court can gather, this action is just another in a string of frivolous cases brought by Plaintiffs.  In short, Plaintiffs wish to void a foreclosure sale of real property that took place almost a year ago.  Plaintiffs first tried and failed at the state

court to accomplish this goal. When that failed, they concocted a narrative about how the state court judiciary and various other parties are in the pockets of U.S Bank, and that all those involved conspired to take Plaintiffs' property. Given this purported conspiracy, Plaintiffs brought an action in federal court against U.S. Bank and its "co-conspirators" in another attempt to void the foreclosure. *See Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM. They have been unsuccessful to date.[1] However, Plaintiffs are not ones to give up. In their view, the adverse rulings by U.S. District Judge Jose Martinez and U.S. Magistrate Judge Eduardo Sanchez meant only one thing: these judges must also be part of the conspiracy. So they now bring this case[2] seeking to void the foreclosure alleging fraud and conspiracy involving, among others, U.S. Bank, two federal judges, two state judges, a court reporter, the Miami-Dade County Clerk of Court, and an Assistant United States Attorney.

This is not a unique case for Plaintiffs. To the contrary, they are serial filers of frivolous lawsuits, and their *modus operandi* appears to be actions seeking to either prevent or reverse a foreclosure. *See Symonette et al. v. Auora*

---

[1] This case is still open, but it is stayed. Before the stay, the court denied Plaintiffs' Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446(d) and to Void Sale Because of Forgery and Fraud, Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, and Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud. *See Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM, Docs. 55, 63.

[2] Plaintiffs originally filed in state court, but the Federal Defendants removed it here under 28 U.S.C. §§ 1442(a)(1) and (3).

*Loan Services, LLC*, 1:12-cv-21980-MGC, Doc. 39 (S.D. Fla. Aug. 1, 2012) (dismissing case involving foreclosure proceeding for repeated failure to comply with court orders); *Symonette et al. v. Boss Grp. Ministries*, 1:13-cv-23017-UU, Doc. 4 (S.D. Fla. Aug. 26, 2013) (dismissing plaintiffs' shotgun pleading that "seems to entail the same transaction (foreclosure) at issue in an earlier-filed suit dismissed by this Court"); *Wells et al. v. Am. Hom Mortg. Services, Inc. et al.* 1:13-cv-23240-WJZ (S.D. Fla. Nov. 20, 2013) (recommending dismissal of plaintiffs' attempt to prevent foreclosure of property on *Younger* abstention grounds); *Symonette et al. v. JP Morgan Chase Bank*, 0:13-cv-61554-JIC, Doc. 47 (S.D. Fla. Jan. 15, 2014) (dismissing case involving "a lengthy and oft-delayed foreclosure proceeding" on shotgun pleading grounds); *Symonette et al. v. JP Morgan Chase Bank*, 0:13-cv-60834-RNS, Docs. 5, 8 (S.D. Fla. February 24, 2014) (dismissing complaint seeking to halt an ongoing foreclosure process in state court under the *Younger* abstention and *Rooker-Feldman* doctrines); *Symonette et al. v. Aurora Loan Services, LLC*, 1:13-cv-24142-PCH, Doc. 25 (S.D. Fla. July 1, 2014) (dismissing case seeking to attack foreclosure judgment and observing "Plaintiffs' history of abusive litigation tactics" and "apparent lack of validity to any of Plaintiffs' claims"); *Symonette et al. v. Littlejohn*, 1:13-cv-23220-MGC, Doc. 22 (S.D. Fla. Sept. 30, 2014) (dismissing claims "related to a state court foreclosure judgment" under the *Rooker-Feldman* doctrine); *Symonette et al. v. Indy Mac Bank et al.*, 1:18-cv-23615-CMA, Doc. 9 (S.D. Fla.

3

Sept. 28, 2018) (dismissing "quintessential shotgun pleading" that was "replete with conclusory and vague facts" and "a rambling incoherent grouping of claims against a state court judge, state court clerk of court, and several banks and financial institutions, regarding the foreclosure of Plaintiffs' property"); *Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM, Docs. 55, 63 (S.D. Fla. July 2, 2024) (rejecting plaintiffs' attempts to void the foreclosure sale); *Wells et al. v. U.S. Bank, N.A.*, 1:24-cv-22532-RAR, Doc. 6 (S.D. Fla. July 8, 2024) (dismissing complaint that alleges conspiracy involving the Governor and the Miami-Dade County Clerk of Court on shotgun pleading grounds and lack of jurisdiction).[3] Given Plaintiffs' extensive litigation history, one would expect they are now well-versed in the pleading standards. Not so.

Although the Motions to Dismiss raise multiple bases for dismissal, the Court focuses on one: shotgun pleading. Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create confusing

---

[3] To state the obvious, this list does not delve into the various state-court cases Plaintiffs have filed over the years.

complaints, known as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The Eleventh Circuit has identified four categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate each cause of action or claim for relief into a different count; and (4) a pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. Ultimately, the common theme of all shotgun pleadings is that "they fail in one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Such is the case here.

The Complaint is made up of incoherent, ambiguous, and unorganized ramblings about how various state and federal officials are being paid off by U.S. Bank (and several other banks that are not party to the case) simply to deprive Plaintiffs of their property. At other points, Plaintiffs go on unhinged tangents about unrelated matters, such as that Plaintiff Symonette is a prince because his grandfather was the first Black Prime Minister of the Bahamas;

5

that they have conducted fundraisers for Republican politicians on their four-story, eighty-foot yacht; that some Defendants are plotting to kill them; and that Wachovia Bank is a "slave master of black people." (Doc. 1-3 at 30, 31, 33, 34). The Complaint is not broken into separate paragraphs and largely consists of run-on sentences. And while there are buzzwords throughout, such as "conspiracy" and "fraud," there is no actual cause of action or claim asserted against any Defendant. Put simply, there is no way that the Defendants could be expected to formulate a response to such mumbo jumbo. *See Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

No doubt Plaintiffs' Complaint is a shotgun pleading. But the question remains whether the Court should grant them leave to amend. On the one hand, courts hold the pleadings of pro se litigants, like Plaintiffs, to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). And courts normally grant leave to amend when there is a chance the pro se litigant can allege a plausible claim for relief. *See Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009). But this leniency has its limits. For instance, "where a litigant has a history of bringing vexatious, or unmeritorious litigation, a court may consider that history in assessing whether a claim should be dismissed and

6

leave to amend should be granted." *Clervrain v. Lee*, No. 6:21-MC-108-WWB-LRH, 2022 WL 2306847, at *3 (M.D. Fla. Jan. 19, 2022), *report and recommendation adopted sub nom.* 2022 WL 2306725 (Mar. 29, 2022) (citing *Miller v. Donald*, 541 F.3d 1091, 1101 (11th Cir. 2008)). Such is the case here.

As discussed earlier, plaintiffs are no strangers to federal court or litigation. In fact, they file practically the same case repeatedly—to void a state foreclosure action based on fraud and conspiracy. Their cases have been frequently dismissed on shotgun pleading grounds. This one is no different. Given Plaintiffs' borderline vexatious-litigation history and their recurring inability to craft a coherent pleading, Plaintiffs' claims are dismissed with prejudice. *Cf. Smith v. DeSantis*, No. 4:22-CV-176-AW-MAF, 2022 WL 2806549, at *4 (N.D. Fla. June 9, 2022), *report and recommendation adopted as modified*, 2022 WL 2803654 (July 18, 2022); *Emrit v. Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *7 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021).

Accordingly, it is now

**ORDERED:**

1. Defendants Judge Spencer Eig and Judge Vivianne Del Rio's Motion to Dismiss (Doc. 4) is **GRANTED**.

2. Defendants Judge Jose E. Martinez, Judge Eduardo Sanchez, Mary Ann Casale, and AUSA Jonathan Bailyn's Motion to Dismiss (Doc. 7) is **GRANTED**.

3. Plaintiffs' Complaint is **DISMISSED with prejudice.**

4. The Clerk is DIRECTED to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Miami, Florida on October 4, 2024.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record

## Motion for Permission to

## Appeal In Forma Pauperis and Affidavit

United States Court of Appeals for the Eleventh Circuit

MACK WELLS

v.

U.S. BANK N.A.

U.S. COURT OF APPEALS
RECEIVED
CLERK

NOV 29 2024

Court of Appeals No. 24-13671
District Court No. 24-CV-23015-SC

**Instructions:** Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Date: 11/19/24          Signed: Mack Wells

*1. My issues on appeal are:* CAN'T Afford to MAKE the payments, BECAUSE I don't Have the MONEY.

Rev.: 6/18



2.  For both you and your spouse, estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income Source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ N/A | $ N/A | $ N/A | $ N/A |
| Self-employment | $ N/A | $ | $ | $ |
| Income from real property (such as rental income) | $ N/A | $ | $ | $ |
| Interests and dividends | $ N/A | $ | $ | $ |
| Gifts | $ N/A | $ | $ | $ |
| Alimony | $ N/A | $ | $ | $ |
| Child support | $ N/A | $ | $ | $ |
| Retirement (such as Social Security, pensions, annuities, insurance) | $ N/A | $ | $ | $ |
| Disability (such as Social Security, insurance payments) | $ 600.00 | $ | $ 600.00 | $ |
| Unemployment payments | $ N/A | $ | $ N/A | $ |
| Public-assistance (such as welfare) | $ N/A | $ | $ N/A | $ |
| Other (specify): _____ | $ 175.00 | $ | $ 175.00 | $ |
| **Total monthly income:** | $ 775.00 | $ N/A | $ 775.00 | $ NA |

3.  List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A | N/A | N/A | / / |
| N/A | | | / / |
| N/A | | | / / |

4.  List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| | | | |
|---|---|---|---|
| N/A | N/A | N/A | / / |
| N/A | N/A | N/A | / / |

5.  How much cash do you and your spouse have?  $ _____

2

American LegalNet, Inc.
www.FormsWorkFlow.com

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Wells FARGO | CHECKING | $ 100.00 | $ N/A |
|  |  | $ | $ |
|  |  | $ | $ |

**If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

6.  List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other Real Estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| $350,000.00 | N/A | Make & Year: N/A |
|  |  | Model: N/A |
|  |  | Registration #: N/A |

| Other Assets (Value) | Other Assets (Value) | Motor Vehicle #2 (Value) |
|---|---|---|
| N/A | N/A | Make & Year N/A |
|  |  | Model: |
|  |  | Registration #: |

7.  State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| NO ONE | NONE | N/A |
|  |  |  |

3

American LegalNet, Inc.
www.FormsWorkFlow.com

8. State the persons who rely on you or your spouse for support.

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| NO one | | |
| | | |
| | | |

9. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| For home-mortgage payment (include lot rented for mobile home) | $ Ø | $ Single |
| Are real-estate taxes included? ☐ Yes ☑ No | $ O | $ |
| Is property insurance included? ☑ Yes ☐ No | $ O | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 150.00 | $ |
| Home maintenance (repairs and upkeep) | $ 75.00 | $ |
| Food | $ 200.00 | $ |
| Clothing | $ 50.00 | $ |
| Laundry and dry-cleaning | $ 15.00 | $ |
| Medical and dental expenses | $ O | $ |
| Transportation (not including motor vehicle payments) | $ 200.00 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ Ø | $ |
| Insurance (not deducted from wages or included in mortgage payments) | $ Ø | $ |
| Homeowner's or renter's | $ Ø | $ |
| Life | $ Ø | $ |
| Health | $ Ø | $ |
| Motor Vehicle | $ Ø | $ |
| Other: | $ Ø | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ Ø | $ |
| Installment payments | $ Ø | $ |
| Motor Vehicle | $ Ø | $ |
| Credit card (name): | $ Ø | $ |
| Department store (name): | $ Ø | $ |
| Other: | $ Ø | $ |

4

American LegalNet, Inc.
www.FormsWorkFlow.com

| | | | |
|---|---|---|---|
| Alimony, maintenance, and support paid to others | $ | *Ø* | $ *N/A* |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | *Ø* | $ |
| Other (specify): _____ | $ | *Ø* | $ |
| **Total monthly expenses** | $ | *690.00* | $ *N/A* |

10. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes   ☑ No     If yes, describe on an attached sheet.

11. Have you spent – or will you be spending – any money for expenses or attorney fees in connection with this lawsuit?

*MAYBE*

☑ Yes   ☐ No     If yes, how much: $ _*N/A*_

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

_CANNOT AFFORD COST BECAUSE_
_NOT MUCH MONEY LEFT._
_____
_____
_____

13. State the city and state of your legal residence. _MIAMI, FL_

Your daytime phone number: (_786_) – _344- 0499_
Your age: _67_     Your years of schooling: _12_

5

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MACK WELLS and
MAURICE SYMONETTE,

       Plaintiff,

v.                           Case No.:  1:24-cv-23015-SC

U.S. BANK N.A. ET AL,

       Defendants.

_____/

## **ORDER**

Before the Court is Plaintiff Mack Wells' Applications to Proceed In District Court Without Prepaying Fees or Costs (Docs. 28, 31), which the Court construes as a motion for leave to appeal *in forma pauperis*.  Wells and Symonette filed a *pro se* Notice of Appeal (Doc. 30), seeking to appeal this Court's dismissal of their Complaint (Doc. 26).

An individual seeking to appeal *in forma pauperis* must submit a statement of good faith on the issues he appeals.  Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that...states the issues that the party intends to present on appeal.").  The statement lets the district court decide whether the appeal is frivolous or not taken in good faith.

Wells failed to submit any such statement.  And even when reading his filings liberally, the Court identifies no good faith issues to be appealed.  The

Court thus finds Wells has presented no meritorious issues to raise on appeal and is not taking the appeal in good faith. Because the Court certifies the appeal is not taken in good faith, any request to proceed *in forma pauperis* must be sent directly to the Eleventh Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

Accordingly, it is

**ORDERED:**

1. Mack Wells' motions for leave to appeal *in forma pauperis* (Doc. 28, 31) are **DENIED**.

2. The Clerk is **DIRECTED** to send a copy of this Order to the Clerk for the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** in Miami, Florida on November 8, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

# THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

Mack Wells & Maurice Symonette,

      Defendant/Counter-Plaintiff,     Case No.: **24-13671**

Vs.

U.S. BANK NATIONAL ASSOCIATION,

      Plaintiff/Counter-

Defendant._____/

CERTIFICATE OF GOOD FAITH CONFERENCE: CONFERRED BUT UNABLE TO RESOLVE THE ISSUES PRESENTED IN THE APPEAL.

Pursuant to Local Rule 7.1 (a)(3)(A), I hereby Certify that Counsel for the Movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*Mack Wells*

**MACK WELLS**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**

*Maurice*

**MAURICE SYMONETTE**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**



THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

MACK WELLS and MAURICE
SYMONETTE

           Plaintiff,

v.

                                  Case No.: 24-13671

U.S. BANK NA. JOSE E. MARTINEZ,

DISTRICT JUDGE OF THE UNITED

STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA,

EDWARDO SANCHEZ

DEFENDANTS

           Defendant.

_____/

### CERTIFICATE OF INTERESTED PERSONS

I MACK WELLS hereby disclose the following pursuant to this Court's Order on Interested Persons:

1.    The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in a party to this action or in the outcome of this action, including subsidiaries, conglomerates, affiliates, related to a party:

listed in Exhibit A. M e m b e r s  o f  The Appellant's Party are also listed in Exhibit A.

The Appellant is Appealing Judge Sheri Chapelle's Order to Dismiss our Case with Prejudice, Because a writ of Replevin Case is not Supposed to be Dismissed because According to Stat. 78 U.S. Bank has to have proof that they Own the Note of which they have Consistently proven that they don't have. Not to mention that the Judge Ruling on this Case has Confliet of Interest with U.S. Bank in the Amount of $250,000 Exh.B

Finally, how can it be ignored that . Clerk of Courts JUAN FERNANDEZ-BARQUIN, Federal Judge JOSE E. MARTINEZ, and Federal Magistrate EDUARDO SANCHEZ all have no say in Filing Motions or Documents in this Case because they have no right to file documents period according to Florida Rules of Court 2.420 (6) which says "Filer" means any person who files a document in court records, except, "filer" does not include the <u>Clerk of Court</u> or <u>designee of the Clerk</u>, a <u>Judge</u>, <u>Magistrate</u>, <u>Hearing Officer</u>, or <u>Designee of a Judge</u>, <u>Magistrate</u> or <u>Hearing Officer</u>. They're in total violation of this rule and all his motions and any other Documents filed are **Null** and **Void.**)

2.    Check one of the following:

___ a. I certify that I am unaware of any actual or potential conflict of interest involving the District Judge and Magistrate Judge assigned to this case and will immediately notify the Court in writing upon learning of any such conflict.

**-or-**

**X** b. I certify that I am aware of a conflict or basis of recusal of the District Judge or Magistrate Judge as follows: (explain) Judge Sheri Chappelle has a Conflict of Interest with U.S. Bank in the amount of $250,000 with U.S. Bank See Exh. B

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of Nov. 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing.

/S/MACK WELLS

MACK WELLS
15020 S. RIVER DR.
MIAMI FL. 33167

/S/MAURICE SYMONETTE

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL. 33167

**EXHIBIT A – INTERESTED PERSONS**

| INTERESTED PERSONS/ | |
|---|---|
| *PRO SE*<br><br>MACK WELLS AND MAURICE<br><br>SYMONETTE – APPELLANT'S | |

| **EXHIBIT A – APPELLEE'S INTERESTED PERSONS** | **AFFILIATED ATTORNEYS OR OTHER PROFESSIONALS** |
|---|---|
| U.S. BANK N.A. | **Eve Alexis Cann**<br>**Baker Donelson**<br>**200 East Broward Blvd.**<br>**Suite 2000**<br>**Fort Lauderdale, FL 33301**<br>**954-768-1612**<br>**Email: ecann@bakerdonelson.com**<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Spencer Devin Leach**<br>**Baker, Donelson, Bearman, Caldwell and Berkowitz, PC**<br>**100 S.E. Third Avenue**<br>**Suite 1620**<br>**Fort Lauderdale, FL 33394**<br>**(954) 768-1615**<br>**Email: sleach@bakerdonelson.com**<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| FEDERAL JUDGE JOSE E. MARTINEZ | **Eve Alexis Cann**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**H. Ron Davidson**<br>United States Attorney's Office<br>99 NE 4 Street<br>Miami, FL 33132<br>305-961-9405<br>Fax: 305-536-4699<br>Email: h.ron.davidson@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |
| FEDERAL MAGISTRATE EDUARDO SANCHEZ | **Eve Alexis Cann**<br>(See above for address)<br>**ATTORNEY TO BE NOTICED**<br><br>**H. Ron Davidson**<br>(See above for address)<br>**ATTORNEY TO BE NOTICED** |

OFFICIAL COURT
REPORTER MARY
ANN CASALE

Eve Alexis Cann
(See above for address)
ATTORNEY TO BE NOTICED

H. Ron Davidson
(See above for address)
ATTORNEY TO BE NOTICED

ASSISTANT UNITED
STATES ATTORNEY
JONATHAN BAILYN

H. Ron Davidson
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

JUDGE SPENCER EIG

**Christopher Michael Sutter**
**Florida Office of the Attorney General**
**110 SE 6th Street**
**10th Floor**
**Fort Lauderdale, FL 33301**
**(954) 712-4600**
**Fax: (954) 527-3702**
**Email:**
**christopher.sutter@myfloridalegal.com**
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

JUDGE VIVIANNE DEL RIO

**Christopher Michael Sutter**
**Florida Office of the Attorney General**
**110 SE 6th Street**
**10th Floor**
**Fort Lauderdale, FL 33301**
**(954) 712-4600**
**Fax: (954) 527-3702**
**Email: christopher.sutter@myfEve Alexis**
**Cann**
**(See above for address)**
*ATTORNEY TO BE*
*NOTICEDloridalegal.com*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

CLERK OF COURTS COMPTROLLER
JUAN FERNANDEZ-BARQUIN

**Isabelle Marie Carbajales**
**Holland and Knight LLP**
**701 Brickell Ave**
**Unit 3300**
**Miami, FL 33131**
**3053748500**
**Fax: 3057897799**
**Email: isabelle.carbajales@hklaw.com**
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jose Angel Casal**
**Holland & Knight**
**701 Brickell Avenue**
**Suite 3300**
**Miami, FL 33131**
**305-789-7713**
**Fax: 305-789-7799**
**Email: jose.casal@hklaw.com**
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eve Alexis Cann**
**(See above for address)**
*ATTORNEY TO BE NOTICED*

FEDERAL JUDGE  KATHLEEN

WILLIAMS


FEDERAL JUDGE RODOLFO A. RUIZ


FEDERAL JUDGE DARRIN P.

GAYLES


FEDERAL JUDGE  JOHNATHAN

GOODMAN


FEDERAL JUDGE SHERI POLSTER
CHAPPELL


LAPOINTE MARKENZY


ISABELLE MARIE CARPBAJALES


JOSE ANGEL CASAL


FLORIDA ATTY. GENERAL SERVICE


DANIEL MATZKIN

Exh. B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MACK WELLS

Plaintiff

CASE NO: 24-cv-23015

V.

U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR RASC
2005AAHL3,

**Defendants,**

## MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND MEMORANDUM OF LAW

Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60, Plaintiff MACK WELLS hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the Oct. 4th 2024 Judge Sheri Chappell review of the record and Final Judgement Order, Exhibit.J. based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits # B) Attached- U.S. BANK Special Situation Property Funds Account Page 42, IFRS 2018 Tables 9-13, SEC Filings- U.S. BANK Florida Subsidiaries, these 5 Federal judges who have the same conflicts of Interest must Recuse themselves for the same reason that this Judge must Recuse herself Sheri Chappell Financial Interests & Property Disclosures). Exh. Z4

***Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd Fl. Rule 2.160 (D) (1) Fl. Code Jud. Conduct . Canon 3E(1) A Judge***

*shall disqualify herself where impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312 (8) Judge can't have a conflict of Interest !*

Judge Sheri Chappell must Recuse herself for an open obvious Conflict of Interest because She's doing business with US Bank and helping them to make money so that She can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make her and them money Illegally. Here's proof: **In her Form 6, from Tallahassee called FULL AND PUBLIC DISCLOSURE OF FINANCIAL, form 6 for 2022 it Says on Page 4 line 4 that she got $250,000 with Morgan Stanley, Exh. D. Which is U.S. Bancorp Exh.E and U.S. Bancorp is U.S. Bank Exh. F** Who has ruled in favor of US BANK. This is a Horrible Conflict of Interest against us and there's more. I have found that our case was directed to other Judges in this sess Pool all with the same Conflict of interest like Judge Valerie manno Schurr a Judge we had never met jumping into our case after Judge Zabel dismissed U.S Banks Lawsuit against me with Prejudice because they never had or owned the Note and then one year later Judge Valerie Manno Schurr got $995,000 from U.S. Bank according to her Form 6 Financial Disclosure Affidavit, Exh. I. And then suddenly inserted herself into our case without ever meeting us and dismissed the case with Prejudice like Judge Zabel did, Exh. K. So as to avoid the Law which says another Judge cannot change another Judges order in the same Circuit Court so she made the same Order so she could change her own Order to dismiss without Prejudice and got another $1 million dollar plus $400,000 dollar money asset from GMAC which is U.S. Bank and then she changed her own Order to Dismissed without Prejudice Exh. N. And then received a $2.4 million money asset from Wells Fargo/Wachovia plus a $400,000 dollar money Asset from GMAC which is U.S. Bank Exh. L. The same Conflict of Interest that Judge Chappell has, which is why she Recused herself Exh. R, as did Vivianne Del Rio Exh. S and they along with Judge Schlesinger violated Fl. Rule 2.160 (H)-(J) and did not answer their Motion to Recuse Exh. U, V & W within 20 days which means that our Motion to Recuse is automatically granted and all of their Orders have been removed & reverted back the Original Judge Zabel's Order of Dismissal with Prejudice. According to her form 6 Financial Affidavit to circumvent Judge Zabel's Dismissal with Prejudice! Exh. M. I and two other Witnesses saw Judge Zabel sign the Dismissal with Prejudice Exh. X,Y and Z and the 2007-12407-CA01 Case was dismissed Exh.Z1 and Z2 in 2009 the Clerk of Courts removed the Judges dismissal with Prejudice off the Docket because the Clerk of Courts have the same $ Conflicts of Interest as Judge Valerie Manno Schurr according to his Form 6 Full and Public Disclosure of Financial Interest he has a money Conflict of Interest with Wells Fargo which is US Bank Exh. Z3 in the amount of $315,000 which is why the Clerk of Courts removed the evidence off the Docket. And then these wicked Lawyers Foreclose without notice to us and we went threw a 10 year fight see the Docket for the 2010 case which had no notice no assignments, no Note and no Mortgage Correctly to U.S. Bank from Axiom Bank see Exh. O. then Maurice Symonette did a Quite Title Suit and after 10 years Judge Valerie Manno Schurr shows up again and I showed her the Evil which she had done by taking money ($995,000) From GMAC/U.S. Bank to steal our property even though we were making the payments. This is Home

Title Fraud in its utmost and when she saw she was caught from her own Form 6 Affidavit and evil Judgments she

Recused herself especially after we paid for News paper, ads and Radio TV Commercials Exh. T Telling on her and

knowing that we have turned her over to the FBI as Sheri Chappell must do because she has the same conflict of

Interest So she must recuse herself and vacate her Order. So Sheri Chappell you must Recuse YOUR SELF and not

ORDER against us.

## FACTS

1. On Dec. 19, 2017, Defendant Judge Valerie Schurr issued a final Judgment order <u>Exhibit. A</u> against Plaintiff Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60, Plaintiff MACK WELLS hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the <u>Oct.. 4th,  2024</u> Sheri Chappell review of the record and Final Judgement Order, Exhibit.J. based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court <u>(Exhibits # B)</u> Attached- U.S. BANK Special Situation <u>Property Funds Account Page 42, IFRS 2018</u> <u>Tables 9-13,</u> SEC Filings- U.S. BANK Florida Subsidiaries, Judge Alan Fine Financial Interests & PropertyDisclosures).

*<u>Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd Fl. Rule 2.160 (D) (1) Fl. Code Jud. Conduct . Canon 3E(1) A Judge shall disqualify herself whise impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312 (8) Judge can't have a conflict of Interest !</u>*

Judge Sheri Chappell must Recuse herself for an open obvious Conflict of Interest because she's doing business with US Bank and helping them to make money so that she can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make his and them money Illegally. Here's proof.

FACTUAL BACKGROUND

reasonable person would question the judge's impartiality.

Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and *Section 455(b) he shall also disqualify herself in the following circumstances.*

*(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings*

*(d)(4) "financial interest" means ownership of a legal or equitable interest, however small*

# CONCLUSION

This Motion for Relief by vacating order Judgment Florida Rule 2.160 (H) and Recusal is based on new facts, related to a whistle blower's information, willful blindness, fraud, misconduct, and discovered evidence unknown at the time of the original Complaint filing Plaintiff could not reasonably know the financial dealings with Defendants of a yet to be assigned judge before the original Complaint filing As previously displayed by his Dismissal Order, due to cited improper financial conflicts of interest, Judge Sheri Chappell was incapable of impartially and without animus against Pro-Se Plaintiff or to exercise unbiased judicial duties required for due process justice in this case.

Judge Sheri Chappell has creditor loan history and business with Defendant U.S BANK MERS and JPMorgan that caused preferential Quid Pro *Quo* treatment by her .sua sponte review and <u>Final Judgment Order.</u> Judge Sheri Chappell has significant exposed investor financial interests in the subject matter in controversy and with Defendant U.S. BANK that will be substantially negatively affected by the outcome of that proceedings when the Plaintiff "ultimately prevails and promotes in paid for adds in the media. Because people can't win when the Judge is on the side of the Banksters to steal property and money off their Prey!

Example of Judges who already recused themselves from U.S. BANK
HE RECUSED HERSELF BECAUSE HE HAD A MONEY CONFLICT OF INTEREST
IN 131 FEDERAL JUDGES JUST GOT FOUND GUILTY OF CONFLICTS OF
INTEREST GOOGLE NEW YORK TIMES ARTICLE BY ADAM LIPTAC.

1. JUDGE DARRIN P. GAYLES Exhibit, P.
2. THOMAS WILLIAMS Exhibit, Q.

## REQUIRED RELIEF

Pursuant to Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and Federal Rules of Civil Procedure Rule 60, Plaintiff requires Relief from the June. 17, 2023 Final judgment Order [Exhibit.J. based upon the stated facts, just terms, cited misconduct, Rule 60 grounds and newly discovered banking real estate fraud by court officers.

Said Reopening Relief would require the vacating of his order and Recusal of Judge Valerie Schurr from this and any future related U.S. BANK banking real estate cases in this District. The Dismissal Order Relief also requires that all parties be reinstated to their prior positions in this action (Dismissal with Prejudice) requiring Clerk issuance of Summons upon the Defendants and allow the filing of a Motion to dismiss the Final Judgment for cause, grounds and reasons state.

*Mack Wells*

MACK WELLS
15020 S. River Dr.
Miami, fla. 33167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12th day of Feb.,    2020 a true and correct copy of the foregoing was provided via this Court's electronic filing system to the attorneys of record

for amounts due and owing on same mortgage that was dismissed with Prejudice in former case no: 07-12407CA01 where U.S. BANK could never produce the promissory Note though they were asked by the Judge several times but never did bring it forth, <u>Exhibit. I. A judge cannot change another Judge's ORDER!</u> And also on <u>June. 25 2010,</u> Judge Valerie Schurr issued a Judgment order acting as a quasi-defense attorney for U.S. BANK his personal investment Partner to make money together. Defendant MACK WELLS has now subsequently provided the United States Department of Justice (DOJ) on <u>specific newly discovered whistle blower information</u> and records regarding millions of dollars in exposed fraudulent foreclosure claims made by the Defendants U.S. BANK, Clerks and Court officers in this action. Exhibit, O. GMAC Also does not own

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12th day of Feb.,    2020 a true and correct copy of the foregoing was provided via this Court's electronic filing system to the attorneys of record

X *Fannie Mitchell*
May 3, 2022

FANNIE MITCHELL
Notary Public - State of Florida
Commission # GG 360128
My Comm. Expires Jul 29, 2023
Bonded through National Notary Assn.

MACK WELLS
15020 S. River Dr.
Miami, fla. 33167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12th day of Feb., 2020 a true and correct copy of the foregoing was provided via this Court's electronic filing system to the attorneys of record

AFFIDAVIT OF OATH

I MACK WELLS SWEAR THAT I CANNOT AFFORD TO PAY THE COURT FILING FEES TO THE DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA WHERE I AM TRYING TO FILE A NOTICE OF APPEAL.

MACK WELLS
15020 S. RIVER DR.
MIAMI FL. 33167

AFFIDAVIT OF OATH

I MAURICE SYMONETTE SWEAR THAT I CANNOT  AFFORD TO PAY THE COURT FILING FEES TO
THE DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA WHERE I AM TRYING TO FILE A
NOTICE OF APPEAL.

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL. 33167



Document Prepared By:
Steve P. Galieno
ReconTrust Company
2575 W. Chandler Blvd.
Mail Stop: CHDLR-C-08
Chandler, AZ 85224
(800) 540-2684

CFN 2008R0642394
OR Bk 26512 Pg 2906; (1pg)
RECORDED 08/06/2008 14:02:40
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

When recorded return to:
MARILYN MILIAN, JOHN SCHLESINGER
1226 Alfonso Ave
Coral Gables, FL 33146

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS: Mortgage Electronic Registration Systems, Inc. the owner and holder of a certain mortgage deed executed by
MARILYN MILIAN, JOHN SCHLESINGER
bearing date 08/29/2003, recorded on 09/05/2003 in Official Records Book 21609, Page 1391, Instrument # 446932 in the office of the Clerk of the Circuit Court of MIAMI-DADE County State of Florida, securing a certain note in the principal sum of $1,000,000.00 Dollars, and certain promises and obligations set forth in said mortgage deed, upon the property situated in said State and County hereby acknowledge full payment and satisfaction of said note and mortgage deed, and surrenders the same as canceled, and hereby directs the Clerk of the said Circuit Court to cancel the same of record.

IN WITNESS WHEREOF the said Corporation has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the 16 day of July, 2008.



ATTEST: _____     Mortgage Electronic Registration Systems, Inc.
Stacy Hadley
Assistant Secretary

Signed and delivered in the presence of:

_____     By _____
Kimberly Robertson     Peter Lopez
Witness     Assistant Secretary

STATE OF ARIZONA
COUNTY OF MARICOPA

On 07/16/2008, before me, Ilona T. Dawidowicz, Notary Public, personally appeared Peter Lopez personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Ilona T. Dawidowicz, Notary Public
Expires: 11/30/2008

15020

CFN 20120182835
OR BK 28033 Pg 1695 (1pg)
RECORDED 03/12/2012 14:56:01
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

Exhibit B
Exb. B4

# CORRECTIVE ASSIGNMENT OF MORTGAGE

MERS phone number 1-888-679-6377
MIN 

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AEGIS FINANCIAL SERVICES, ("Assignor") whose address is P.O. Box 2026, Flint, MI 48501, assigns, transfers and conveys to WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC REMIC TRUST ("Assignee"), whose address is 1100 Virginia Drive, Fort Washington, PA 19034, its successors and/or assigns, all of the rights, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 23, 2006, and recorded July 11, 2006, in Official Records Book 24662, at Page 1351, of the public records of MIAMI-DADE County, Florida, encumbering the following described real property:

LOT 253, RICHMOND GARDENS SECTION 7 PART 1, ACCORDING TO THE PLAT THEREOF , AS RECORDED IN PLAT BOOK 44, PAGE 48, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

as the same may have been amended from time to time.

The purpose of this Corrective Assignment of Mortgage is to correct the Assignment of Mortgage recorded on 11/18/2010 at 4)481) in 28033/01695, of the official records of Miami-Dade County, Florida, by Harvey Ruvin, Clerk of Court.

* Created as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AEGIS FINANCIAL SERVICES as a MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR SUBRIDGEMORTGAGE FINANCIAL, LLC to note width only

MORTGAGOR(S): LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on _____

By: _____
Title: Jacqueline K. Kelley
Vice President

STATE OF Pennsylvania
COUNTY OF Montgomery

The foregoing instrument was acknowledged before me this ___ 14 ___ day of ___ Feb ___ 2012 by Jacqueline K. Kelley as Vice President of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AEGIS FINANCIAL SERVICES who personally known to me.

Christine Marlin
Notary Public
My commission expires: 1/05/2015

Record and return to, prepared under the supervision of and return tax:
Ben Ezra
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
FDLG X-RMAC MORTGAGE, LLC

[CORRECTIVE "ASSIGN, of" KEEP FORM]

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that this is a true and correct copy of the original as it appears on file in this office
HARVEY RUVIN, Clerk of Courts
Deputy Clerk _____

199007

F10051160

15020



Exhibit E

CFN 2008R0941616
OR Bk 26657 Pg 30251 (1ps)
RECORDED 11/20/2008 07:48:11
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, on or before April 19, 2007, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC,** ("Assignor") whose address is _____, assigned, transferred and conveyed to: **U.S. BANK N.A.** ("Assignee") whose address is 1180 Virginia Drive, Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005 and recorded July 29, 2005 in Official Records Book 23623 at Page 3231 of the public records of MIAMI-DADE County, Florida, encumbering the following described real property:

**LOT 105, BISCAYNE GARDENS SECTION F PART I, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 64, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

as the same may have been amended from time to time, together with the Note and indebtedness secured thereby.

MORTGAGOR(S):  LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on
October 24, 2008.

Witness
Typed Name  Peggy Hong

Witness
Typed Name  Laurie Kilroy

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INCORPORATED, AS NOMINEE FOR
HOMECOMINGS FINANCIAL, LLC
By: _____
Typed Name  SHIRLEY SACO
Title:  VICE PRESIDENT

Attest: _____
Typed Name  Jeffrey Stephan
Title:  Assistant Secretary

(Affix Corporate Seal)

STATE OF  Pennsylvania
COUNTY OF  Montgomery

BEFORE ME, the undersigned, personally appeared  SHIRLEY SACO
and  Jeffrey Stephan  as  Vice President  and  Assistant Secretary
respectively, and known to me to be the persons who executed the foregoing instrument, and acknowledged that
they executed the foregoing as its duly authorized officers and that such execution was done as the free act and deed
of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC** this  21st  day of  October , 2008.

By: _____

Notary Public:
My Commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Simon Tungol, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Nov. 5, 2011

Recording requested by, prepared by and return to:
Ralph McGrath
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
F07012148-GMAC MORTGAGE, LLC- 744942657

FILE NUMBER: F07012148

DOC_ID: M001100

# *F07012148*      # *M001100*

# Exh.F

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 4 of 6 | Chappell, Sheri P. | 04/13/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A | B | | C | | D | | | |
|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 1.  Bank of America (Cash Checking) (Money Market Savings) | A | Interest | K | T | | | | | |
| 2.  Vanguard Institutional Index Fund | A | Int./Div. | K | T | | | | | |
| 3.  Bank of America - (IRA)(1) | A | Interest | K | T | | | | | |
| 4.  Morgan Stanley Institutional Fund Growth Portfolio | A | Int./Div. | M | T | | | | | |
| 5.  Florida Prepaid College Fund | | None | J | T | | | | | |
| 6.  Bank of America (IRA) (2) | A | Interest | J | T | | | | | |
| 7.  Cypress 401(K) Plan - Vanguard Wellington Adm | A | Int./Div. | J | T | | | | | |
| 8. | | | | | | | | | |
| 9. | | | | | | | | | |
| 10. | | | | | | | | | |
| 11. | | | | | | | | | |
| 12. | | | | | | | | | |
| 13. | | | | | | | | | |
| 14. | | | | | | | | | |
| 15. | | | | | | | | | |
| 16. | | | | | | | | | |
| 17. | | | | | | | | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

mitchellmessenger.com

Exh. B1

Chase & Co. raised their price objective on shares of U.S. Bancorp from $55.50 to $58.00 and gave the company a "neutral" rating in a research note on Monday, November 4th. Citigroup lowered shares of U.S. Bancorp from a "neutral" rating to a "sell" rating and decreased their price target for the stock from $54.00 to $49.00 in a research report on Tuesday, October 8th. Morgan Stanley restated a "sell" rating and issued a $62.00 price target (up previously from $61.00) on shares of U.S. Bancorp in a research report on Monday, November 18th. Credit Suisse Group restated a "hold" rating and issued a $55.00 price target on shares of U.S. Bancorp in a research report on Thursday, September 12th. Finally, UBS Group lifted their price target on shares of U.S. Bancorp from $56.00 to $58.00 and gave the stock a "neutral" rating in a research report on Monday, October 21st. Four investment analysts have rated the stock with a sell

10:29

globallegalchronicle.com

Exh B2

principal amount of 3,200% senior notes due 2029.

In addition, Equinix completed a concurrent tender offer for any and all of its outstanding 5.375% senior notes due 2022, 5.375% senior notes due 2023, and 5.750% senior notes due 2025, which were paid for with the proceeds from the senior notes offering.

Goldman Sachs & Co. LLC, BofA Securities, Inc., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Barclays Capital Inc., Morgan Stanley & Co. LLC, MUFG Securities Americas Inc., RBC Capital Markets, LLC, SMBC Nikko Securities America, Inc., TD Securities (USA) LLC, Deutsche Bank Securities Inc., ING Financial Markets LLC, BNP Paribas Securities Corp., HSBC Securities (USA) Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, PNC Capital Markets LLC, Scotia Capital (USA) Inc., and U.S. Bancorp Investments, Inc. are all the underwriters involved in the offering.

Equinix, an American multinational company headquartered in Redwood City, California, connects more than 9,800 companies directly to their customers and partners inside the world's most interconnected data centers. Today, businesses leverage the Equinix interconnection platform in 52 strategic markets across the Americas, Asia-Pacific, Europe, the Middle East and Africa.

The Davis Polk corporate team included partners Alan F. Denenberg (Picture) and Emily Roberts and associates Ali DeGolia and Caitlin Moyles Cunnane. Partner Rachel D. Kleinberg provided tax advice and associate J. Taylor Arabian provided 1940 Act advice.

Involved fees earner: Taylor Arabian – Davis Polk & Wardwell; Ali DeGolia – Davis Polk & Wardwell; Alan

*Exh. A.*

6:44

usbank.com  ↻

**usbank**                                         US

Log In

## About U.S. Bank

U.S. Bancorp (NYSE: USB) is the parent company of U.S. Bank, one of the largest commercial banks in the United States, and its subsidiaries U.S. Bank Wealth Management and U.S. Bancorp Investments, Inc.. The company operates more than 3,000 banking offices and nearly 5,000 ATMs, and provides a comprehensive line of banking, brokerage, insurance, investment, mortgage, trust and payment-services products to consumers, businesses and institutions.

---

Investment products and services are:

**Not a Deposit • Not FDIC Insured • May Lose Value • Not Bank Guaranteed • Not Insured by any Federal Government Agency**

---

**For U.S. Bank:**

⌂ Equal Housing Lender. Credit products are offered by U.S. Bank National Association and subject to normal credit approval. Deposit products offered by U.S. Bank National Association. Member FDIC. Learn More

U.S. Bank is not responsible for and does not guarantee the products, services or performance of U.S Bancorp Investments.

**For U.S. Bancorp Investments:**

Investment products and services are available through U.S. Bancorp Investments, the marketing name for U.S. Bancorp Investments, Inc., member FINRA and SIPC, an investment adviser and a brokerage subsidiary of U.S. Bancorp and affiliate of U.S. Bank.

---

Back

Disclosure Information

**Exh.J pg.1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MACK WELLS and
MAURICE SYMONETTE,

     Plaintiff,

v.                     Case No.:  1:24-cv-23015-SC

U.S. BANK N.A. ET AL.,

     Defendants.

_____/

## OPINION AND ORDER

Before the Court are two Motions to Dismiss.  One is filed by Judges Spencer Eig and Vivianne Del Rio ("State Defendants").  (Doc. 4).   A second is filed by Judges Jose E. Martinez and Eduardo Sanchez as well as Mary Ann Casale, and AUSA Jonathan Bailyn ("Federal Defendants").   (Doc. 7). Defendant U.S. Bank, N.A. (Doc. 10) and Defendant Juan Fernandez-Barquin (Doc. 19) join both Motions.  Plaintiffs, proceeding pro se, have failed to respond to either Motion timely.

Plaintiffs' Complaint consists of mostly jumbled ramblings, so it is hard to pinpoint exactly what they are alleging occurred.  But from what the Court can gather, this action is just another in a string of frivolous cases brought by Plaintiffs.  In short, Plaintiffs wish to void a foreclosure sale of real property that took place almost a year ago.  Plaintiffs first tried and failed at the state

**Exh.J pg.2**

court to accomplish this goal. When that failed, they concocted a narrative about how the state court judiciary and various other parties are in the pockets of U.S Bank, and that all those involved conspired to take Plaintiffs' property. Given this purported conspiracy, Plaintiffs brought an action in federal court against U.S. Bank and its "co-conspirators" in another attempt to void the foreclosure. *See Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM. They have been unsuccessful to date.[1]  However, Plaintiffs are not ones to give up. In their view, the adverse rulings by U.S. District Judge Jose Martinez and U.S. Magistrate Judge Eduardo Sanchez meant only one thing: these judges must also be part of the conspiracy. So they now bring this case[2] seeking to void the foreclosure alleging fraud and conspiracy involving, among others, U.S. Bank, two federal judges, two state judges, a court reporter, the Miami-Dade County Clerk of Court, and an Assistant United States Attorney.

This is not a unique case for Plaintiffs. To the contrary, they are serial filers of frivolous lawsuits, and their *modus operandi* appears to be actions seeking to either prevent or reverse a foreclosure. *See Symonette et al. v. Auora*

---

[1] This case is still open, but it is stayed. Before the stay, the court denied Plaintiffs' Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446(d) and to Void Sale Because of Forgery and Fraud, Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, and Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud. *See Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM, Docs. 55, 63.

[2] Plaintiffs originally filed in state court, but the Federal Defendants removed it here under 28 U.S.C. §§ 1442(a)(1) and (3).

2

**Exh.J pg.3**

*Loan Services, LLC*, 1:12-cv-21980-MGC, Doc. 39 (S.D. Fla. Aug. 1, 2012)
(dismissing case involving foreclosure proceeding for repeated failure to comply
with court orders); *Symonette et al. v. Boss Grp. Ministries*, 1:13-cv-23017-UU,
Doc. 4 (S.D. Fla. Aug. 26, 2013) (dismissing plaintiffs' shotgun pleading that
"seems to entail the same transaction (foreclosure) at issue in an earlier-filed
suit dismissed by this Court"); *Wells et al. v. Am. Hom Mortg. Services, Inc. et
al.* 1:13-cv-23240-WJZ (S.D. Fla. Nov. 20, 2013) (recommending dismissal of
plaintiffs' attempt to prevent foreclosure of property on *Younger* abstention
grounds); *Symonette et al. v. JP Morgan Chase Bank*, 0:13-cv-61554-JIC, Doc.
47 (S.D. Fla. Jan. 15, 2014) (dismissing case involving "a lengthy and oft-
delayed foreclosure proceeding" on shotgun pleading grounds); *Symonette et al.
v. JP Morgan Chase Bank*, 0:13-cv-60834-RNS, Docs. 5, 8 (S.D. Fla. February
21, 2014) (dismissing complaint seeking to halt an ongoing foreclosure process
in state court under the *Younger* abstention and *Rooker-Feldman* doctrines);
*Symonette et al. v. Aurora Loan Services, LLC*, 1:13-cv-24142-PCH, Doc. 25
(S.D. Fla. July 1, 2014) (dismissing case seeking to attack foreclosure judgment
and observing "Plaintiffs' history of abusive litigation tactics" and "apparent
lack of validity to any of Plaintiffs' claims"); *Symonette et al. v. Littlejohn*, 1:13-
cv-23220-MGC, Doc. 22  (S.D. Fla. Sept. 30, 2014) (dismissing claims "related
to a state court foreclosure judgment" under the *Rooker-Feldman* doctrine);
*Symonette et al. v. Indy Mac Bank et al.*, 1:18-cv-23615-CMA, Doc. 9 (S.D. Fla.

Exh.J pg.4

Sept. 28, 2018) (dismissing "quintessential shotgun pleading" that was "replete with conclusory and vague facts" and "a rambling incoherent grouping of claims against a state court judge, state court clerk of court, and several banks and financial institutions, regarding the foreclosure of Plaintiffs' property"); *Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM, Docs. 55, 63 (S.D. Fla. July 2, 2024) (rejecting plaintiffs' attempts to void the foreclosure sale); *Wells et al. v. U.S. Bank, N.A.*, 1:24-cv-22532-RAR, Doc. 6 (S.D. Fla. July 8, 2024) (dismissing complaint that alleges conspiracy involving the Governor and the Miami-Dade County Clerk of Court on shotgun pleading grounds and lack of jurisdiction).[3]  Given Plaintiffs' extensive litigation history, one would expect they are now well-versed in the pleading standards.  Not so.

Although the Motions to Dismiss raise multiple bases for dismissal, the Court focuses on one: shotgun pleading.  Together, Rules 8 and 10 lay out the minimum pleading requirements.  A complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Violations of these rules sometimes create confusing

---

[3] To state the obvious, this list does not delve into the various state-court cases Plaintiffs have filed over the years.

**Exh.J pg.5**

complaints, known as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The Eleventh Circuit has identified four categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate each cause of action or claim for relief into a different count; and (4) a pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. Ultimately, the common theme of all shotgun pleadings is that "they fail in one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Such is the case here.

The Complaint is made up of incoherent, ambiguous, and unorganized ramblings about how various state and federal officials are being paid off by U.S. Bank (and several other banks that are not party to the case) simply to deprive Plaintiffs of their property. At other points, Plaintiffs go on unhinged tangents about unrelated matters, such as that Plaintiff Symonette is a prince because his grandfather was the first Black Prime Minister of the Bahamas;

**Exh.J pg.6**

that they have conducted fundraisers for Republican politicians on their four-story, eighty-foot yacht; that some Defendants are plotting to kill them; and that Wachovia Bank is a "slave master of black people." (Doc. 1-3 at 30, 31, 33, 34). The Complaint is not broken into separate paragraphs and largely consists of run-on sentences. And while there are buzzwords throughout, such as "conspiracy" and "fraud," there is no actual cause of action or claim asserted against any Defendant. Put simply, there is no way that the Defendants could be expected to formulate a response to such mumbo jumbo. *See Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

No doubt Plaintiffs' Complaint is a shotgun pleading. But the question remains whether the Court should grant them leave to amend. On the one hand, courts hold the pleadings of pro se litigants, like Plaintiffs, to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). And courts normally grant leave to amend when there is a chance the pro se litigant can allege a plausible claim for relief. *See Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009). But this leniency has its limits. For instance, "where a litigant has a history of bringing vexatious, or unmeritorious litigation, a court may consider that history in assessing whether a claim should be dismissed and

**Exh.J pg.7**

leave to amend should be granted." *Clervrain v. Lee*, No. 6:21-MC-108-WWB-LRH, 2022 WL 2306847, at *3 (M.D. Fla. Jan. 19, 2022), *report and recommendation adopted sub nom.* 2022 WL 2306725 (Mar. 29, 2022) (citing *Miller v. Donald*, 541 F.3d 1091, 1101 (11th Cir. 2008)). Such is the case here.

As discussed earlier, plaintiffs are no strangers to federal court or litigation. In fact, they file practically the same case repeatedly—to void a state foreclosure action based on fraud and conspiracy. Their cases have been frequently dismissed on shotgun pleading grounds. This one is no different. Given Plaintiffs' borderline vexatious-litigation history and their recurring inability to craft a coherent pleading, Plaintiffs' claims are dismissed with prejudice. *Cf. Smith v. DeSantis*, No. 4:22-CV-176-AW-MAF, 2022 WL 2806549, at *4 (N.D. Fla. June 9, 2022), *report and recommendation adopted as modified*, 2022 WL 2803654 (July 18, 2022); *Emrit v. Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *7 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021).

Accordingly, it is now

**ORDERED:**

1.    Defendants Judge Spencer Eig and Judge Vivianne Del Rio's

Motion to Dismiss (Doc. 4) is **GRANTED**.

7

**Exh.J pg.9**

2.    Defendants Judge Jose E. Martinez, Judge Eduardo Sanchez, Mary Ann Casale, and AUSA Jonathan Bailyn's Motion to Dismiss (Doc. 7) is **GRANTED**.

3.    Plaintiffs' Complaint is **DISMISSED with prejudice.**

4.    The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Miami, Florida on October 4, 2024.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record



Exhibit "K"

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CA
CASE NO: 2007-12407-c 1

US Bank ,N.A.                              April 1,2010
      Plaintiff(s)

Vs.

Leroy Williams
      Defendant(s)
_____/

ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution .
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing not on; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly.
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 2010          APR 06 7010

_____
CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC-All pache's

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office. May 18    AD 20 10
HARVEY RUVIN, CLERK, of Circuit and County Courts
Deputy Clerk Audie Clarke  BB



CFN 2004R0626859
OR Bk 22514 Ps 2791; (1ps)
RECORDED 07/26/2004 12:36:01
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

*Exhibit Lead*

RECORDING REQUESTED BY / RETURN TO:
Peelle Management Corporation
P.O. Box 30014, Reno, NV 89520-9827

## Satisfaction Of Mortgage

WHEREAS the indebtedness secured by the mortgage described below has been fully paid and satisfied,
CHASE MANHATTAN MORTGAGE CORPORATION,
owner and holder of the debt, hereby declares that the lien of said mortgage is forever discharged and satisfied.
Original Mortgagee: CHEMICAL RESIDENTIAL MORTGAGE CORPORATION
Original Mortgagor: JOHN SCHLESINGER, MARILYN MILIAN
Recorded in Dade County, Florida, on 10/18/95 as Inst. # 95r420253 on Book 16952 on Page 3797
Tax ID: 0341180040110
Date of mortgage: 10/13/95 Amount of mortgage: $334000.00
DATE OF SATISFACTION: 07/8/2004

NOW THEREFORE, the recorder or clerk of said county is hereby instructed to record this instrument and to
cancel, release, and discharge the mortgage in accordance with the regulations of said state and county.
DATED: 07/15/2004
CHASE MANHATTAN MORTGAGE CORPORATION
F/K/A CHEMICAL RESIDENTIAL MORTGAGE CORPORATION

By _____     _____
Jennifer Wallace                Witness: Shawna Thompson
Vice President

_____
Witness: Judy McColley

State of Nevada
County of Washoe
On 07/15/2004, before me, the undersigned, a Notary Public for said County and State, personally appeared
Jennifer Wallace, personally known to me to be the person that executed the foregoing instrument, and
acknowledged that she is Vice President of
CHASE MANHATTAN MORTGAGE CORPORATION,
and that she executed the foregoing instrument pursuant to a resolution of
its board of directors and that such execution was done as the free act and deed of
CHASE MANHATTAN MORTGAGE CORPORATION.

_____
Notary: Steven R Carson
My Commission Expires: 03-15-08

STEVEN R. CARSON
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No. 04-87160-2 - Expires March 15, 2008

Prepared by: E. R. Harrison, Peelle Management Corporation, 4600 Longley Lane, Suite #B, Reno, NV 89502
LN# [illegible] Investor LN# [illegible] P.I.F.: [illegible]
FINAL RECON.m [illegible] Ch: lnv/FY09 id2 07/15/04 09-026 FL Dade 292:9 162

# Quora

Open In App

# Are JP Morgan and Chase the same?

*Exhibit M*

### What are some simple steps I can take to protect my privacy online?

Many people believe that they can't do anything to protect their privacy online, but that's not true. There actually are simple...

Continue Reading      >

## 1 Answer

Dan Mahoney, Executive Director at JPMorgan Chase (█████-present)

The basic answer is yes. JPMorgan Chase is one big company. Different names are used for branding purposes. The JP Morgan name is used for higher end LOB and products like investment banking, the largest corporate relationships and private banking for the wealthy. Chase is used for lower end products retail branch banking, business banking (less than $20M in sales) and commercial banking (annual sales less than $500M).

Quora

Open in App    Sign In

## Are the roots of Morgan Stanley and JPMorgan Chase the same (i.e. JPMorgan & Co.)? What are their histories?

Ad by DuckDuckGo

**What are some simple steps I can take to protect my privacy online?**

Many people believe that they can't do anything to protect their privacy online, but that's not true. There actually are simple...

Continue Reading    ›

**3 Answers**

 **Shreyans Malani, studied at London School of Economics and Political Science**
Answered Jul 7, 2015

JPMorgan Chase & Co. is the parent holding company of Chase(Commerical Bank) and JPMorgan(Investment Bank).

John Pierpont Morgan (J.P. Morgan) founded J.P. Morgan & Co., which is the predecessor to Morgan Stanley and JPMorgan Chase.
As a result of the Glass-Stegall Act of 1933, J.P. Morgan & Co. was broken up, it spun off its investment banking activities into Morgan Stanley.

J.P. Morgan & Co. continued to operate as a commercial bank. However, in the 1990's it started to rebuild its investment banking operations. In 2000, it merged with the Chase Manhattan Bank,

Continue Reading ⌄

**RELATED QUESTIONS (MORE ANSWERS BELOW)**

What is the history of JP Morgan Chase as a merchant bank?
533 Views

Open in app    ✕

EXh. O

Case 1:18-cv-22211-DPG   Document 5   Entered on FLSD Docket 06/24/2019   Page 8 of 8

**Complaint - Department of Justice**

https://www.justice.gov/archive/opa/documents/complaint.pdf

1.
IN THE UNITED STATES DISTRICT COURT ... 555 4 th. Street, NW.
) Washington, DC 20530. ) ) THE STATE OF ALABAMA, ... Montgomery, AL 36130.
) ) THE STATE OF ALASKA,. ) 1031 W. 4 th. Avenue, Ste .... 420
Montgomery Street Front ... Virginia. and the District of Columbia by and through their
undersigned attorneys ...

∴ US ATTORNEYS FILED SAME COMPLAINT.

Exhibit. P

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-CV-22211-GAYLES

CARL ERICKSON

    Plaintiff,

v.

RALPH W. CONFREDA, JR., et al.,

    Defendants.

_____/

## ORDER OF RECUSAL

PURSUANT to 28 U.S.C. § 455, the undersigned Judge to whom the above-styled cause is

assigned hereby recuses himself and refers the case to the Clerk of the Court for reassignment.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of June, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22211-GAYLES

CARL ERICKSON,
       Plaintiff,

v.

RALPH W. CONFREDA, JR.,
US BANK NATIONAL
JP MORGAN CHASE BANK
CARL A. LUBETSKY
ALAN WASERSTEIN
KENNETH ERIC TRENT
TERRANCE W. ANDERSON et al.,
           Defendants,

FILED BY _____ D.C.

JUN 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTIONS FOR RELIEF & RECUSAL AND MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure Rule 60, Plaintiff Carl Erickson hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the June 26th, 2016 Judge Darrio Gayles *sua sponte* review of the record and Dismissal Order [Document #4] based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits Attached-JP Morgan Chase Special Situation Property Funds FRS Account Page 42, FRS 2018 Tables 9-13, SEC Filings-US Bank Florida Subsidiaries, Gayles Financial Interests & Property Disclosures)

### FACTUAL BACKGROUND

1. On June 4th, 2018, Plaintiff Carl Erickson filed a civil action Complaint [Document #1] citing Fraud causes of action for violations of Federal tort laws, banking real estate security assets regulation violations and racketeering statutes.

2. The Complaint was based upon precedent USDC related filings accepted by non-biased professional jurists that contained *verbatim* (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought under Fed. R. Civ. P. 8.

3. On June 26th 2018, Judge Gayles issued and Dismissal Order a *sua sponte* review of the

*Exhibit Q*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.   2019-030415-CA-01
SECTION: CA 20

JAMES BUCKMAN
    Plaintiff(s),

vs.

LANCASTER MORTGAGE CO
    Defendant(s).

_____/

REASSIGNED BY BLIND
FILING TO SECTION ___ CA 02
PER ORDER OF ADM. JUDGE
THIS DATE: _____ OCT 17 2019
_____
37429

### ORDER OF RECUSAL

    **THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in

the premises, it is hereby:

    ORDERED AND ADJUDGED

    1. That the undersigned Circuit Court Judge hereby recuses himself from further
       consideration of this case.

    2. This case shall be reassigned to another section of the Circuit Civil Division in
       accordance with established procedures.

**DONE AND ORDERED** in chambers, at Miami, Dade County, Florida, this 17th day of

October, 2019.

                           William Thomas
                           **CIRCUIT COURT JUDGE** William Thomas
                                   Circuit Court Judge

Mailing Service List:
JAMES BUCKMAN, 1977 NE 119TH RD, MIAMI, FL 33181
MAURICE SYMONETTE, 4711 L J PARKWAY, UNIT 4208, SUGARLAND, TX 77479
LANCASTER MORTGAGE CO
ONE WEST BANK
EMC MORTGAGE BANKERS LLC
MORTGAGE ELECTRONIC REGISTRATION SYSTEM
DEUTSCHE BANK NATL TR CO
MERS
SERVICING AGREEMENT SERIES RAST 2006 A 8
RESIDENTIAL ASSET SECURITIZATION TR 2006 A8 +

# FORM 6     FULL AND PUBLIC DISCLOSURE OF     2008
## FINANCIAL INTERESTS

| | COMMISSION ON ETHICS |
|---|---|
| FOR OFFICE USE ONLY: | DATE RECEIVED |
| | JUN 2 6 2009 |

--------AUTO**3-DIGIT 331 12  P2       8
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
Dade County Courthosue Rm 1105
73 W Flagler St
Miami, FL  33130-1731

PROCESSED

ID Code

ID No        210380

Conf. Code

P. Req. Code

Manno Schurr , Valerie R.

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A -- NET WORTH

Please enter the value of your net worth as of December 31, 2008, or a more current date. [Note: Net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3.]

My net worth as of __December 31__ 20_08_ was $ _2,800,357.00._

## PART B -- ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ _150,000.00_

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Home located in Miani-Dade (former Residence) | 700,000.00 |
| Hume located in Miani-Dade (Residence) | 2,400,000.00 |
| Vail Colorado Condominum / Eagle Cnty, Colorado | $ 300,000.00 |
| Bank Accounts, Stocks, Bonb/Pension Accounts | $ 600,000.00 |
| Mercedes Benz 350 mL | $ 25,000.00 |

## PART C -- LIABILITIES

**LIABILITIES IN EXCESS OF $1,000:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (former Residence) P.O. Box 9001719, Louisville, Ky. - | 91,438.00 |
| GMAC Mortgage (Residence) 1st & 2nd Mortgages P.O. Box 4622, Waterloo, IA | 995,000.00 |
| Wells Fargo Home Mortgage (Vail Property), P.O. Box 650769, Dallas, Tx | 129,000.00 |
| Huntington National Bank (Mercedes) P.O. Box 182579   Columbus, Ohio 4328-2579 | 9,205.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None | |
| | |
| | |

*Exh. 6*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

April 1,2010

US Bank .N.A.
  Plaintiff(s)

Vs.

Leroy Williams
  Defendant(s)

## ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 20:          APR 06 2010

_____
CIRCUIT COURT JUDGE

**VALERIE MANNO SCHURR**
**CIRCUIT COURT JUDGE**

cc All parties

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original filed in this office on ____12/22____ 20.__21__
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

**MONA BRUNO #79806**

EXH E

# FORM 6    FULL AND PUBLIC DISCLOSURE OF    2009
## FINANCIAL INTERESTS

COMMISSION ON ETHICS
DATE RECEIVED

**FOR OFFICE USE ONLY:**

APR 5 2010

ll
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
73 W FLAGLER ST DADE COUNTY COURTHOSUE RM 1105
MIAMI, FL 33130

**PROCESSED**

ID Code

ID No    210380

Conf. Code

P. Reg. Code

Manno Schurr, Valerie R.

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A -- NET WORTH

Please enter the value of your net worth as of December 31, 2009, or a more current date. [Note: Net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3.]

My net worth as of _December 31_, 2009 was $ 3,351,650.00

## PART B -- ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**

Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry, collections of stamps, guns, and numismatic items, art objects, household equipment and furnishings, clothing, other household items, and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ 150,000.00

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Residence in Miami - Dade County (Pinecrest) | 2,500,000.00 |
| Vail Colorado Condominium / Eagle County | 250,000.00 |
| Bank Accts, IRA's, brokerage Accounts / Bank of America, Wachovia | 650,000.00 |
| Keys - Index River / Huntington | 64,000.00 |

## PART C -- LIABILITIES

**LIABILITIES IN EXCESS OF $1,000:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Circuit Line / P.O. Box 4622, Waterloo, IA | 410,000.00 |
| Wellsfargo P.O. Box 11 pay 1st 7851, Dallas, Tx | 105,000.00 |
| Chase Financial Group / P.O. Box 78067, Phoenix AZ 85062 | 24,350.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None - | |
| | |
| | |



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 07-12497-ca1

April 11, 2009

U.S Bank N.A.
Plaintiff(s)

Vs.

Leroy Williams
Defendant(s)

## ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds the notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers at Miami dade county Florida this 11th day of
March 2009

SARAH I. ZABEL
Circuit Court Judge

Copies furnished to:
Echevarria, Codilis & Stawiarski
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
FCIs:CMECOMIN-CONV-B-Innotle-F070 3/48

$EXh. H$

3

$CRTR$

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
Plaintiff,

CASE NO.        2007-12407-CA
DIVISION        32

vs.

SPACE FOR RECORDING ONLY

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION; CITY
OF NORTH MIAMI;
Defendant(s).

_____/

## FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF
## LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING
## PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff, pursuant

to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

ORDERED AND ADJUDGED as follows:

1.      The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to

bring an action to foreclose the mortgage which is the subject matter of the instant cause

2.      All Counts of the Complaint against Defendants: LEROY WILLIAMS, MARK WELLS;

FRANKLIN CREDIT MANAGEMENT CORPORATION; CITY OF NORTH MIAMI. are hereby dismissed.

3.      Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012148



Serial: 13666522
DOC_ID: M010502



*Exh #p5*

4.       The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida, regarding the below-described property:

> LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO
> THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF
> THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same.

5       The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set

aside and shall be of no further force or effect.

6.       The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this __ _____ day of

_____, 2010.

**JUN 2 3 2010**

_____
VALERIE R. MANNO SCHURR
Circuit Court Judge

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
F07012148 – M010502
GMAC-CONV—abiven

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

| | | | | | |
|---|---|---|---|---|---|
| ▤ | | 01/27/2011 | Service Return for Unknown Party | Event | |
| ▤ | 57 | 01/25/2011 | Service Return for Unknown Party | Event | **LEROY WILLIAMS** |
| | | 01/25/2011 | Service Return for Unknown Party | Event | |
| ▤ | | 01/25/2011 | Summons Returned – No Service | Event | **Parties: Williams Hoke** |
| ▤ | | 01/25/2011 | Summons Returned – No Service | Event | **Parties: Williams Leroy** |
| ▤ | | 01/25/2011 | Summons Returned – No Service | Event | **Parties: Littlejohn James** |
| ▤ | | 12/27/2010 | Answer | Event | **ATTORNEY:00301991 TO THE COMPLAINT**<br>**Parties: Miami Dade County** |
| ▤ | | 12/09/2010 | 27515:1498 | Lis Pendens | Event | **B: 27515 P: 1498** |
| ▤ | | 12/06/2010 | Verification | Event | |
| ▤ | | 12/06/2010 | Plaintiff's Certificate of Settlement Authority | Event | |
| ▤ | | 12/06/2010 | Certificate Regarding Original Note | Event | |
| | | 12/06/2010 | Summons Issued | Event | **Parties: Williams Leroy; Littlejohn James; Williams Hoke; Deutsche Bank (na) (tr); Wells Fargo Bank (na); Wachovia Bank (na)** |
| ▤ | | 12/06/2010 | Filing Fee For Mortgage Foreclosure | Event | **$ 1906.00** |
| ▤ | | 12/06/2010 | Complaint | Event | |
| ▤ | | 12/06/2010 | Civil Cover | Event | |

Exhibit. P1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-22211-GAYLES

CARL ERICKSON

Plaintiff,

v.

RALPH W. CONFREDA, JR , et al.

Defendants.

## ORDER OF RECUSAL

PURSUANT to 28 U.S.C. § 455, the undersigned Judge to whom the above-styled cause is assigned hereby recuses himself and refers the case to the Clerk of the Court for reassignment.

DONE AND ORDERED in Chambers at Miami, Florida this 28th day of June, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

. Exhibit Q1

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2019-030415-CA-01
SECTION: CA 20

JAMES BUCKMAN
    Plaintiff(s),

vs.

LANCASTER MORTGAGE CO
    Defendant(s).

REASSIGNED BY BLIND
FILING SECTION CA 02
PER DIRECTION OF ADM. JUDGE
THIS DATE OCT 17 2019
27479

## ORDER OF RECUSAL

THIS CAUSE, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED

1  That the undersigned Circuit Court Judge hereby recuses himself from further consideration of this case

2  This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures

DONE AND ORDERED in chambers, at Miami Dade County, Florida this 17th day of October, 2019.

William Thomas
CIRCUIT COURT JUDGE

Mailing Service List
JAMES BUCKMAN, 1977 NE 119TH RD, MIAMI FL 33181
MAURICE SYMONETTE 4711 L J PARKWAY, UNIT 4208, SUGARLAND TX 77479
LANCASTER MORTGAGE CO
ONE WEST BANK
EMC MORTGAGE BANKERS LLC
MORTGAGE ELECTRONIC REGISTRATION SYSTEM
DEUTSCHE BANK NATL TR CO
MERS
SERVICING AGREEMENT SERIES RAST 2006 A 8
RESIDENTIAL ASSET SECURITIZATION TR 2006 A8 +

Filing # 142403620 E-Filed 01/21/2022 11:32:41 AM

Exh
R

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-010826-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

**MAURICE SYMONETTE**

Plaintiff(s)

vs.

**U.S. BANK NATIONAL ASSOCIATION (TR) et al**

Defendant(s)

_____

### ORDER OF RECUSAL.

**THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

### ORDERED AND ADJUDGED

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.
2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 21st day of January, 2022.

2021-010826-CA-01 01-21-2022 11:24 AM

Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**
Electronically Signed

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2010-061928-CA-01
SECTION: CA05
JUDGE: Vivianne Del Rio

**U S Bank (na)**

Plaintiff(s)

vs.

**Williams, Leroy**

Defendant(s)

_____/

## ORDER OF RECUSAL

Docket Index Number: _____
Or
Efiling Number: _____ Date Filed: **05/11/2023**
Full Name of Motion: **Order of Recusal**

    **THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED**

1. That the undersigned Circuit Court Judge hereby recuses himself/herself from further consideration of this case.

2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 11th day of May, 2023.

2010-061928-CA-01 05-11-2023 10:49 AM
Hon. Vivianne Del Rio

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Altanese Phenelus, yvaldes@miamidade.gov
Carlos Calle, mrstreetsproductions@gmail.com
Carlos Calle, mrstreetsproductions@gmail.com
Carlos Calle, mrstreetsproductions@gmail.com
Giuseppe Salvatore Cataudella, FLeFileTeam@brockandscott.com
Giuseppe Salvatore Cataudella, FL.CourtDocs@brockandscott.com
Giuseppe Salvatore Cataudella, CourtXpress@firmsolutions.us
Harve Humpsy, Courts@Journalist.com
JOHN WESTLEY, TheWomb@USA.com
Jennifer L Warren, jwarren@northmiamifl.gov
Jennifer L Warren, cityattorney@northmiamifl.gov
Jessica Faith Watts, jwatts@quinnlegal.com
Jessica Faith Watts, eservice@quinnlegal.com
Jessica Faith Watts, abliss@quinnlegal.com
Jessica Jo Fagen, lawfirmFL@rauschsturm.com
Jessica Jo Fagen, jfagen@rauschsturm.com
Jessica Jo Fagen, abcfleservice@abclegal.com
Jimmy Keenan Edwards, FLeFileTeam@brockandscott.com
Jimmy Keenan Edwards, FLCourtDocs@brockandscott.com
Jimmy Keenan Edwards, CourtXpress@firmsolutions.us
John Westley Mr., WombTV@gmail.com
Jonathan S Wilinsky, FLeFileTeam@brockandscott.com
Jonathan S Wilinsky, CourtXpress@firmsolutions.us
Jonathan S Wilinsky, FLCourtDocs@brockandscott.com
Jossie Zuniga, jzuniga@jud11.flcourts.org
Julie Anthousis, FLeFileTeam@brockandscott.com

Julie Anthousis, FLCourtDocs@brockandscott.com
Julie Anthousis, CourtXpress@firmsolutions.us
Justin James Kelley, FLeFileTeam@brockandscott.com
Justin James Kelley, FLCourtDocs@brockandscott.com
Justin James Kelley, CourtXpress@firmsolutions.us
Kara Leah Fredrickson, FLeFileTeam@brockandscott.com
Kara Leah Fredrickson, FL.CourtDocs@brockandscott.com
Kara Leah Fredrickson, CourtXpress@firmsolutions.us
Laura Ashley Jackson, FLeFileTeam@brockandscott.com
Laura Ashley Jackson, CourtXpress@firmsolutions.us
Laura Ashley Jackson, FLCourtDocs@brockandscott.com
Matthew Marks, FLeFileTeam@brockandscott.com
Matthew Marks, FLCourtDocs@brockandscott.com
Matthew Marks, ECCM-FL@provana.com
Michael R Esposito, Michael.Esposito@BlankRome.com
Michael R Esposito, BRFLeservice@blankrome.com
Michael R Esposito, sol.cruz@blankrome.com
Nashid Sabir, nashidlaw@gmail.com
Nicole R Topper Esq, ntopper@blankrome.com
Shaib Y Rios, FLeFileTeam@brockandscott.com
Shaib Y Rios, FLCourtDocs@brockandscott.com
Shaib Y Rios, ECCM-FL@provana.com
Stephen Christopher Wilson, scwilson862007@yahoo.com
Stephen Christopher Wilson, Stephen@bpinjury.com
Stephen Christopher Wilson, Natasha@bpinjury.com
William Henry Stafford III, william.stafford@myfloridalegal.com
William Henry Stafford III, complexlitigation.eservice@myfloridalegal.com
William Henry Stafford III, alisha.robinson@myfloridalegal.com
Willnae Lacroix, FLeFileTeam@brockandscott.com
Willnae Lacroix, FLCourtDocs@brockandscott.com
Willnae Lacroix, courtxpress@FirmSolutions.us
maurice symonette, BigBOSS@Clerk.com
maurice symonette, BIGBOSS1043@yahoo.com
maurice symonette, boss1@clerk.com


**Physically Served:**

Xh T

APRIL 28 - MAY 4, 2022 | VOLUME 37 | NUMBER 7

MIAMINEWTIMES.COM | BROWARDPALMBEACH.COM | FREE

# MIAMI



All 200+ books banned in Florida
and what Miami booksellers have to say about it.

## THE BOOKS THEY BANNED

## BY ALEX DeLUCA

*EXH-T*



# get turned on.
## miaminewtimes.com

news
blogs
restaurants
calendar
music
movies
arts
classified
promotions
ad index

NEW TIMES

April 28–May 4, 2022

29



**Grand Opening**
## NEW ORIENTAL MASSAGE

### $39 & Up
### $10 Off or

Free table showers with 1hr Massage / must bring ad

Open 7 Days: 10AM – 11PM
Outcalls to Hotels / Offices Available
7600 NW 87th Ave #31

305-456-3372 • 305-456-3631
www.NewOrientalMassage87.com

# ORIENTAL
## MASSAGE

### $5 OFF

OPEN 7 DAYS
A WEEK
FROM 9 30AM – 12AM

HOTEL OFFICE & HOME
SERVICE AVAILABLE

2281 SW 27th Ave, Miami, FL 33145
**786.360.5887**
ORIENTAL FOOT MASSAGE

# Bulletin BOARD
Call New Times Classified
305-573-9090. to place an ad

HS DIPLOMA AT HOME
Earn your HS Diploma today For more info
call 1.800.470.4723 Or visit our website
www.diplomaathome.com

MIAMI    SALES    305-642-7269
Renting a large studio space/
Sharing a big house

Wants to purchase minerals and
other oil and gas interests.
Send details P.O. Box 13889,
Denver CO 80201



CARIBBEAN QUEEN
FREE 30 Min. Hot
Herbal Steam Sauna
• Caribbean Massage
4561 NW 7th Avenue Miami FL 33127 • **786.766.7835**



## THIRSTY? HUNGRY?
*Sips*
Scenes
FREE DRINKS &
LIGHT BITES
AVAILABLE NOW



**SEE PROOF OF DISCRIMINATING JUDGES CAUGHT!!**
JUDGE RECUSES OFF CASE, ADMITS GETTING $995,000 FROM BANK TO FORECLOSE ILLEGALLY
ON CRIPPLE BLACK MAN'S HOUSE AFTER DISCOVERY! WE'RE HELPLESS IN COURT
WITH THESE EVIL CONFLICTS OF INTEREST!!

JUDGE RECUSAL

SEE PROOF AT SAVVYESSS.COM - BY MICHAEL THE BLACK MAN 80.7FM 8PM

# SEE PROOF OF DISCRIMINATING JUDGES CAUGHT!!

## JUDGE RECUSES OFF CASE, ADMITS GETTING $995,000 FROM BANK TO FORECLOSE ILLEGALLY ON CRIPPLE BLACK MAN'S HOUSE AFTER DISCOVERY! WE'RE HELPLESS IN COURT WITH THESE EVIL CONFLICTS OF INTEREST!!!



**SEE PROOF AT SAYYESSS.COM - BY MICHAEL THE BLACK MAN 88.7FM 5PM**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR

MIAMI DADE COUNTY FLORIDA CIVIL ACTION


MAURICE SYMONETTE

Plaintiff

               CASE NO: 2021-

          10826-CA01

v.

U.S. BANK, NATIONAL  ASSOCIATION,
AS TRUSTEE FOR RASC
2005AAHL3, MERS, FRANKLYN
CREDIT MANAGEMENT CORP and
AXIOM FINANCIAL SERVICES

Defendants,


<u>MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL,
VACATION OF ORDERS AND MEMORANDUM OF
LAW</u>


Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil
Procedure Rule 60, Plaintiff MAURICE SYMONETTE hereby files this  Motion for
Relief & Recusal and Supporting Memorandum regarding the June. 25' 2010 Valerie
Manno Schurr Freview of the record and Final Judgement Order, Exhibit.J because it
injured us. based on the following facts, new information, just terms, judicial
misconduct, fraudulent grounds and discovered conflict of personal investment
interests on Financial Disclosures of Judges and officers of this Court <u>(Exhibits # B)</u>
Attached- U.S. BANK Special Situation <u>Property Funds Account Page 42, IFRS 2018</u>
<u>Tables 9-13,</u> SEC Filings- U.S. BANK Florida Subsidiaries, Judge Valerie Manno
Shurr Financial Interests & Property Disclosures).

# ***<u>Florida Rule 2.160 (H) Says A Judge</u>***

# ***<u>must Vacate her orders for Conflict of</u>***

# ***<u>Interest LIKE THE ORDERS JUDGE VALERIE</u>***

### *MANNO SHURR DID IN THE ILLEGAL EXPARTE HEARING 06/25/2010 WHERE SHE CHANGED THE ORDER OF DISMISSAL WITH PREJUDICE TO DISMISSAL WITHOUT PREJUDICE AND RETURN THAT BACK TO DISMISSED WITH PREUDICE AND ALL HER OTHER ORDERS SHE DID IN THE NEW CASE 2022,  Theodore R. Bundy V. Judge John A. Rudd, Fl. Rule 2.160 (D) (1), Fl. Code Jud. Conduct Canon 3E (1) A Judge shall disqualify herself where impartiality might reasonably be questioned Rule 2.160 (D) (1) and grounds to disqualify is a party fears that the Judge is Biased, Fl. Statue 112.312 (8) and Judge can't have a conflict of Interest!*

Judge Valerie Schurr must Recuse herself for an open obvious Conflict of Interest because she's and was doing business with US Bank, GMAC and OCWEN   and helping them to make money so that she can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make her and them money Illegally. Here's proof.

### NOW I'M REPORTING JUDGE SHURR TO THE ADMINISTRATIVE JUDGE WHO APPOINTS JUDGES TO CASES, GOVERNOR DE SANTIS, THE JQC, THE BAR, THE US DOJ, THE FBI, THE FLORIDA STATE ATT0NEY AND MEDIA  FOR OBVIOUS RACIST  MISCONDUCT, BY TOTALLY IGNORING FLORIDA STATUTES-RULES AND FOR CRAZY OBVIOUS CONFLICTS OF INTEREST

Because something strange has Happened out of nowhere! Judge Valerie

*Manno Schurr's SIGNATURE and NAME shows up on the DISMISSAL WIT*H

*PREJUDICE that was done by Judge ZABEL's Order of Dismissal With*

PREJUDICE 04/07/2010  THE YEAR AFTER Judge Valerie Manno Shurr

BECOMES JUDGE RIGHT BEFORE SHE mistereouly dose another Dismissal with

Prejudice 04/07/2010 exactly one year after Judge Zabe*l's    /    /    Order*

of Dismissal With Prejudice to  take over our case to save U.S. BANK FROM US

and save JUDGE ZABEL, THEIR LAWYERS FROM THE WRATH OF THEIR BOSS

***GMAC (US BANK)***WHO HAD ALREADY PAID THEM TO SAVE U.S. BANK

FROM US. JUDGE VALERIE MANNO SHURR *is who we're just now finding out*

that THE BANKS PAID HER TO TRICK US INTO BELIEVING THAT WE WERE SAFE

FROM US BANK WITH THE DISMISSAL WITH PREJUDICE AND THEN THREE

MONTHS LATER JUDGE VALERIE MANNO SHURR CHANGES IT TO DISMISSAL

WITHOUT PREJUDICE IN AN ILLEGAL EXPARTE HEARING WITHOUT US

KNOWING SO THAT US BANK COULD AND START THE SAME CASE OVER

WITHOUT NOTICE TO US! WHY DID ***GMAC (US BANK)***PAY JUDGE

VALARIE MANNO SHURR TO AKE OVER OUR CASE WAS BECAUSE JUDGE ZABEL

*DISMISSED WITH PREJUDICE US BANK'S CASE    /    /2009 AS SEEN ON THE*

DOCKET CASE NUMBER 2007-12407-CA-01 LINE 10, Exh. C. And FORD MOTOR

*CO. V. CALLOWAY SAYS A JUDGE CAN'T CHANGE ANOTHER JUDGE'S ORDER SO,*

JUDGE VALARIE MANNO SHURR FILED HER DUPLICATE DISMISSAL WITH

*PREJUDICE SAMPLE ZABEL'S ORDER FILED    /    /    AND SHURR'S*

DUPLICATE ORDER FILED 04/07/2010 AS SEEN ON THE DOCKET CASE NUMBER 2007-12407-CA-01 LINE 10 AND 11, Exh. C. ALL DONE SO THAT SHE COULD IN AN ILLEGAL EXPARTE HEARING IN VIOLATION OF FLORIDA STAT. 702.07 WITH THE PLAINTIFF US BANK CHANGE HER OWN ORDER TO DISMISSAL WITHOUT PREJUDICE, Exh. F. TO HELP ***GMAC (US BANK). STEAL SO THEY CAN ALL MAKE MONEY OFF OF HELPLESS BLACKS. USING BIG BAD JUDGES AND LAWYERS!*** The Proof that JUDGE VALARIE MANNO SHURR made MONEY to help them is on her Form 6 FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTEREST SWORN AFFIDAVIT OATH of 2008 that shows on Part C. Liabilities section that a1She has $995,000.00 and $91,498.00 from GMAC which is the Servicer and owner RESIDENTIAL FUNDING CORPORATION in their notice of transfer said they were controlling our payments as Servicer from at least 1/1/2007 on the Mortgage Payment Coupon at the bottom of the Transfer Letter, Exh.S. and $129,000,00 from Wells Fargo which is US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3, Exh.(DD). And Judge Shurr has $129,000,00 from Wells Fargo which is US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3, Exh.(DD ) then in 2009 form 6 it shows GMAC MORTGAGE of $410,000.00 and Credit line with GMAC, and $128,000 Wachovia which is Wells Fargo which is US BANK, Exh.(EE) and then she allows an Illegal Ex parte Hearing with US Bank National Attorneys to change her **order which is really Judge Zabel's Order from DISMISSED WITH PREJUDICE in** April 6th, 2010 Exh. (F3) to change the Dismissed with Prejudice 3 months later

in June 27th 2010 into DISMISSED WITHOUT PREJUDICE In this Ex Parte

hearing Exh.(F). which is only supposed to be done with only the Defendants

that are about to lose their home to the Foreclosure Sale and this must be done

before the sale of the House according to Fl. Statute 107.07, (during the interim

GMAC also had a Florida Default Letter as the Servicer) and after that

wonderful gift Judgement to US Bank National Association and helping Judge

Zabel out of the mess for doing a Judgment without a Docketed Complaint, Note,

Allonge, Mortgage or an Assignment from the Records which was literally

Criminal, Thievery of our house. Then suddenly In her 2010 Form 6 Disclosure

of Financial Interest , Exh.(FF), it shows a $400,000.00 gift from GMAC and

shows $1,000,000.00 from Wells Fargo which is US Bank, Exh. (EEE). All of this

is pay to Play RICO Conspiracy to Steal Black Peoples Houses *which they're also*

doing to White European Gentiles! US BANKS only lawful Remedy was to Appeal the

Dismissal with Prejudice within 30 days according to Florida Appelate Rule 4

(a)(1)(A). But now a case that was Dismissed with Prejudice was given life again by

*Judge Valerie Manno Schurr's illegal Ex parte hearing and changing the Dismissal*

with Prejudice to Dismissal without Prejudice which allowed US BANK to secretly file

another Foreclosure Case against the House at 15020 South River Drive Miami

Florida 33167 and US Bank did file another case which was a continuance of the

same Case from  2007 which is called Case Number 2007-12407-CA01 that was

Dismissed with Prejudice and Secretly changed to Dismissed without Prejudice and

without any notice to us in 2010 called Case number 2010-61928-CA01 this 2010

was also done without the Original Mortgage, Assignment and Docs. Original of the

Note, Allonge to the Note, and the second Allonge from Fannie Mae or

indemnification info that indemnifies Fannie Mae and there must be the Loan

Number, Date and the printed name of the Signer as required by Federal Fannie Mae

Rules B8-3-04 for Fannie Mae of which none of this is on the copy of the Allonge

recorded on the Docket, Exh. LL. And JUDGE VALERIE MANNO SHURR has taken my

new Case again to finish what she started by Ruling in favor of US BANK and GMAC

*with worst Conflicts of Interests that she's trying to hide so that she can Rule in the*

*Bank's Favor to illegally. Because i*n her FORM 6 - 2019 and 2020 Financial

Disclosure Affidavit she has over 11,192,000.00 million, plus on line 5 she states that

she has a $400,000.00 Mortgage with City National Bank that is Royal Bank of

Canada which is Wells Fargo, Exh. SS. and Wells Fargo is US Bank the Bank Judge

Valerie Manno Shurr is helping to illegally Foreclose on us, Exh. TT. The other conflict

*is Shurr's $400,000.00 Mortgage Holder City National Bank that is Royal Bank of*

Canada Which is Morgan Stanly/ JP MORGAN, Exh. VVV, which is US BANCORP/ US

BANK, Exh. W. and Exh. X. all this is CITY NATIONAL BANK Exh. SS, Who Merged with

Wachovia Bank who admitted the were SLAVE MASTERS OF BLACK PEOPLE, Exh.UU.

*to just take CRIPLE HELPLESS BLACK PEOPLE'S HOMES. I will investigat how this*

Jud*ge accumulated 11 million dollars on a JUDGE'S SALLARY , I Demand to see where*

all that money This is the BANK that was served my law suite by an official Servicer

acknowledge by US BANK which by Florida Statute they hod only 20 days to answer

but they never answered for six months while we trying to Default them the whole

time, yet JUDGE VALERIE MANNO SHURR with her millions of dollars of Conflicts of

interest helped US Bank by not ever Defaulting them no matter what the laws and

rules say I Really don*'t stand a chance in this fight because the referee (JUDGE*

*SHURR) is being paid by my Opponents to Rule only in their (US BANK'S-GOLIATH'S)*

favor I AM Detroyed and CRUCIFIED by these Wicked Animals who break all the

Laws and kill BLACK PEOPLE and hold themselves not GUILTY by these CROOKED

EVIL JUDGES like JUDGE VALERIE MANNO SHURR and I know they are Plotting to

KILL me right now, K.J.V. BIBLE= ZECHARIAH 11:5!!!!!  Axiom Financial

Services  now refered to as (AFS) is the Bank the Note was done with and (AFS)

sold the Note  with the MIN. Account number 100176105062733203{M at the

bottom of each page of the adjustable rate Note Exh.(NN) with the Cusip Number

315912873 to Fidelity Strategic Real Return Fund according to the CUSIP search

by CUSIPONE EXPERT CUSIP search service as stated by The Expert Witness

Affidavit of Fact Wesley Jarvis, Trustee for CUSIPONE Trust, Exh. (OO). The (AFS)

Note was sold by (AFS) 9/7/2005 three months after Leroy Williams signed the

(AFS) Note and is with Fidelity Strategic Real Return Fund until this day according

to The CUSIPOne Expert Witness Exh. (PP) So the (AFS) Note never went to US

BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3 now referred

to as (USB). So (USB) cannot Foreclose on this (AFS) Note  nor anyone of the above

stated Defendants because they don't own the Note and even Fidelity Strategic

Real Return Fund cannot Foreclose because (USB) in 2007 did a Publigation to

Foreclose on the (AFS) Note and Fidelity Strategic Real Return Fund did not Object

or Intervene within 30 days of the publication of the Foreclosure of 2007 of

Fidelity Strategic Real Return Fund standing to Foreclose according to Fl. Stat. ( )

Exh. (pp) or any Interest in the Note and therefore they have no standing  And

according to the SEC - FASB GAAP  Rules once a Note is sold on the Market it must

be burned and Destroyed because a Note cannot exist at the same time that a stock,

bond or fund exist because that is Double Dipping using the Fund and the Note

ILLEGALLY. 6.Plaintiff has had exclusive, complete, actual, open, notorious, hostile,

and continuous possession of the Property adverse to defendants for more than 17

years. Plaintiff has made and paid for all repais and upkeep, on the property for the

past 17 years..

Judge Valerie Manno Schurr says that GMAC BANK on her form 6 full and public
disclosure of Financial interests is a Bank she's doing business with, because
she's doing business with GMAC/ U.S. BANK and helping them to make money
so that she can make money by foreclosing and taking our property proof: In her
Form 6, from Tallahassee called FULL AND PUBLIC DISCLOSURE OF
FINANCIAL, form 6, Exh. A. Says on line 5 and 6: Judge Valerie Schurr is
Doing Business with GMAC with a Mortgage from GMAC for $91,438.00 and
$995,000.00, And GMAC BANK is U.S. BANK, Exh. E1. and E2. Because in her
FORM 6 - 2019 and 2020 Financial Disclosure Affidavit she has over
11,192,000.00 million, plus on line 5 she states that she has a
$400,000.00 Mortgage with City National Bank that is Royal Bank of
Canada which is Wells Fargo, Exh. SS. and Wells Fargo is US Bank the
Bank Judge Valerie Manno Shurr is helping to illegally Foreclose on us,
Exh. TT. The other conflict is Shurr's $400,000.00 Mortgage Holder
City National Bank that is Royal Bank of Canada Which is Morgan
Stanly/ JP MORGAN, Exh. VVV, which is US BANCORP/ US BANK, Exh.
W. and Exh. X. all this is CITY NATIONAL BANK Exh. SS, Who Merged
with Wachovia Bank who admitted the were SLAVE MASTERS OF

BLACK PEOPLE, Exh.UU. to All of this is a major Conflict of Interest. She and other Judges who have the same conflict of interest has ruled in favor of, U.S. Bank, EXH. C F. of these Conflict of Interest against us and there's more. I have found that our case was directed to her and other Judges in this Pool, So she must recuse herself and vacate her Order, Exh. F, So Valerie Schurr you must Recuse YOUR SELF VACTE ALL YOUR ORDERS NOW! AND I PRAY THAT YOU DON'T SPACE FOR ANNOTHER JUDGE TO ORDER THA T YOUR ORDER TO DISMISS WITHOUT PREJUDICE IS ILLEGALLY BE UPHELD!

## FACTUAL BACKGROUND

1. Judge Zabel got very angry with U.S. Bank and decided to dismiss the case with Prejudice between 2007 and 2008 but Judge Valerie Manno Shurr some how ended up being the Judge who signed the Order On APRIL 6, 2010 Judge Valerie Schurr issued a final Judgment order Exhibit.A IN FAVOR of Leroy Williams to dismiss the Foreclosure case against him with Prejudice whose property is now Quitclaimed to Plaintiff Maurice Symonette in the former case no: 07-12407CA01 where U.S. BANK could never produce the promissory Note though they were asked by the Judge several times but never did bring it forth, Exhibit. I. and then after three months and GMAC doing business (Payoff) Judge Valerie Manno Shurr ! on June 25 2010, issued a Issued another Order that changed Zabel and Valerie Manno Schurr's Order from dismissed with Prejudice to suddenly dismissed without Prejudice in an illegal Ex Parte hearing with her and her Business Partner's U.S. Bank/GMAC and Judge Valerier Manno Schurr is now the same Judge with the same Conflicts of Interest rulling on the same case and property with the same business partners against Maurice Symonette concerning the same property this is wide open Crazy! And Sad! That this Court is Strong Arming,. Bullying and just taking our house like gangsters with the Full strength of the Police against the helpless these gangster ways has her now gone and went from a few Million Dollars to now over $20 million Dollars with the same business Partners as a quasi-defense attorney for U.S. BANK her

personal investment Partner to make money together. Plaintiff MAURICE SYMONETTE has now subsequently provided the United States Department of Justice (DOJ) on <u>specific newly discovered whistle blower information</u> and records regarding millions of dollars in exposed fraudulent foreclosure claims made by the Defendants U.S. BANK, Clerks and Court officers in this action. Exhibit, O. GMAC does not own the Note.

## MEMORANDUM OF LAW

The Defendants maintains timely Constitutional due process civil rights for Florida Rule 2.160 (H) and Federal Rule 60 Relief to close this case with the original Dismissal with Prejudice in our Defendants favor with requirement of Valerie Schurr Recusal based on exposed financial conflicts of interests <u>Fla. Stat.112.312 (8)(9).</u>

*Rule 2.160 (H) and FRCP Rule 60, relief from .Judgment Or Order and to Vacate Order .*

*There is to be no conflict of interest with the Judge and the Plaintiff against DEFENDANTS. LIKE*

*(1) mistake, inadvertence, surprise, or excusable neglect;*

*(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);*

3. Fraud whether previously called intrinsic or extrinsic, <u>misrepresentation</u> or misconduct by an Opposing party

A Judge is expected to Recuse herself according to Fla. Code Jud. Conduct, Canon 3E (1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and pursuant to 28 U.S, C. § 455 Under § 455(a), Recusal is mandatory in "any proceeding in which Judge's impartiality might reasonably be questioned." Under Fla. Code Jud. Conduct, Canon 3E (1)

and § 455(b), a judge is expected to disqualify herself whenever any of the five statutorily prescribed criteria can be shown to exist in fact; even if no motion or affidavit seeking such relief has been filed, and regardless of whether a reasonable person would question the judge's impartiality.

Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and Section 455(b) he shall also disqualify himself in the following circumstancess.

*(4)   He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings*

*(d)(4)  "financial interest" means ownership of a legal or equitable interest, however small*

## CONCLUSION

This Motion for Relief by Vacating Order Judgments Florida Rule 2.160 (H) and Recusal is based on new facts, related to a whistle blower's information, willful blindness, fraud, misconduct, and discovered evidence unknown at the time of the original Complaint filing Plaintiff could not reasonably know the financial dealings with Defendants of a yet to be assigned judge before the original Complaint filing As previously displayed by his Dismissal Order, due to cited improper financial conflicts of interest, Judge Valerie Schurr was incapable of impartially and without animus against Pro-Se Plaintiff or to exercise unbiased judicial duties required for due process justice in this case knowingly because nobody forgets how and why they get $995,000.00 at the time that we asked THE ACTUAL JUDGE, JUDGE ZABEL to Dismiss our case With Prejudice. So that JUDGE VALERIE MANNO SHURR was paid to and would change the Order to DISMISSAL WITHOUT PREJUDICE!!!

Judge Valerie Schurr has creditor loan history and business with Defendant U.S BANK MERS and GMAC that caused  THIS

preferential Quid Pro *Quo* treatment by her .sua sponte review and
<u>Final Judgment Order.</u> Judge Valerie Shurr has significant exposed
investor financial interests in the subject matter in controversy and with
Defendants U.S. BANK that will be substantially negatively affected by
the outcome of that proceedings when the Plaintiff "ultimately prevails
and promotes in paid for adds in the media. Because people can't win
when the Judge is on the side of the Banksters to steal property and
money off their Prey!

Example of Judges who already recused themselves from U.S.
BANK

1. JUDGE DARRIN P. GAYLES Exhibit, P.
2. THOMAS WILLIAMS Exhibit, Q.
3. JUDGE BARBARA ARECES Exhibit R.

## REQUIRED RELIEF

Pursuant to Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160
(A) (H), Fla. Statute 112.312 (8) and Federal Rules of Civil Procedure
Rule 60, Plaintiff requires Relief from the <u>June. 25,</u> 2010 Final <u>judgment</u>
<u>Order [Exhibit.J.</u> based upon the stated facts, just terms, cited
misconduct, Rule 60 grounds and newly discovered banking real estate
fraud by court officers.

Said Reopening Relief would require the vacating of his order and
Recusal of Judge Valerie Schurr from this and any future related U.S.
BANK banking real estate cases in this District. The Dismissal Order
Relief also requires that all parties be reinstated to their prior positions
in this action (Dismissal with Prejudice) requiring Clerk issuance of
Summons upon the Defendants and allow the filing of a Motion to
dismiss the Final Judgment for cause, grounds and reasons stated herein
filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 5th day of Jan. 2020 a true and
correct copy of the foregoing was provided via this Court's electronic
filing system to the attorneys of record

**MAURICE SYMONETTE**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**

*Exh. VVV*

Royal Bank of Canada
is MORGAN STANLEY's
is JP MORGAN



6:55

🔒 duckduckgo.com

● https://www.sec.gov · Archives · edgar · data · 10/2020
### HTML - SEC.gov | HOME
ROYAL BANK OF CANADA and MORGAN STANLEY MUFG
LOAN PARTNERS, LLC AS CO-DOCUMENTATION AGENTS
Dated as of February 10, 2021 Barclays Bank PLC, Citibank
N.A. JPMorgan Chase Bank, N.A. RBC Capital Markets and
Morgan Stanley MUFG Loan Partners, LLC (acting through
Morgan Stanley Senior Funding, Inc. and MUFG Bank, Ltd.)

☑ https://finance.yahoo.com · news · royal-bank-canada
### Royal Bank of Canada announces NVCC subordinated debenture ...
Royal Bank of Canada (TSX: RY) (NYSE: RY) today announced
an offering of $1 billion of non-viability contingent capital
(NVCC) subordinated debentures ("The Notes") through its
Canadian Medium

● https://etfdailynews.com · news · morgan-stanley-nyse
### Morgan Stanley (NYSE:MS) Shares Sold by Ausdal Financial ...
Finally, Royal Bank of Canada downgraded Morgan Stanley
from an "outperform" rating to a "sector perform" rating and
set a $97.00 target price on the stock in a research report on
Friday

● https://www.reuters.com · article · us-rbc-wealth-canada
### Canada's RBC turns heads in U.S. with wealth management ...
That compared with a 1% increase at Bank of America Corp's
wealth unit to $2.9 trillion and a 3.5% jump at Morgan Stanley
to $2.7 trillion, the firms with the biggest wealth management
units

● https://    Try the DuckDuckGo app ✕    s-entit
### Brazil w...........................Royal

4.    The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida, regarding the below-described property:

> LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO
> THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF
> THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same.

5.    The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set

aside and shall be of no further force or effect.

6.    The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of

_____, 2010.

**JUN 2 3 2010**

VALERIE R. MANNO SCHURR
Circuit Court Judge



**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
F07012148 – M010502
GMAC-CONV—abiven

# FORM 6    FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS    2008

**********AUTO**3-DIGIT 331 72  P2      8
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
Dade County Courthosue Rm 1105
73 W Flagler St
Miami, FL  33130-1731

PROCESSED

**FOR OFFICE USE ONLY:**

**COMMISSION ON ETHICS
DATE RECEIVED**

JUN 2 6 2009

ID Code

ID No        210380

Conf. Code

P. Req. Code

Manno Schurr , Valerie R.

CHECK IF THIS IS A FILING BY A CANDIDATE    ☐

## PART A – NET WORTH

Please enter the value of your net worth as of December 31, 2008, or a more current date. [Note: Net worth is not calculated by subtracting your *reported* liabilities from your *reported* assets, so please see the instructions on page 3.]

My net worth as of _December 31_, 20_08_ was $ _2,800,357.00._

## PART B - ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**

Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry; collections of stamps, guns and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ _150,000.00_

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (Former Residence) | 700,000.00 |
| Home located in Miami-Dade (Residence) | 2,400,000.00 |
| Vail Colorado Condominium / Eagle County, Colorado | $ 300,000.00 |
| Bank Accounts, Stocks Bonds / Pension Accounts | $ 600,000.00 |
| Mercedes Benz - 350 mL | $25,000.00 |

## PART C – LIABILITIES

**LIABILITIES IN EXCESS OF $1,000:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (Former Residence) P.O. Box 500-719, Louisville, Ky. - | 91,438.00 |
| GMAC Mortgage (Residence) (1st & 2nd Mtg) P.O. Box 4622, Waterloo, IA | 995,000.00 |
| Wells Fargo Home Mortgage (Vail Property) P.O. Box 650769, Dallas, Tx | 129,000.00 |
| Huntington National Bank (Mercedes) P.O. Box 182579, Columbus, Ohio 4328-2579 | 9,205.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None | |

CE FORM 6 - Eff 1/2009

(Continued on reverse side)

EXHIBIT

# FORM 6    FULL AND PUBLIC DISCLOSURE OF    2009
## FINANCIAL INTERESTS

**PROCESSED**

II
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
73 W FLAGLER ST DADE COUNTY COURTHOSUE RM 1105
MIAMI, FL 33130

**FOR OFFICE USE ONLY:**

COMMISSION ON ETHICS
DATE RECEIVED
JUN 2 5 2010

ID Code

ID No.    210380

Conf. Code

P. Req. Code

Manno Schurr , Valerie R.

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A – NET WORTH

Please enter the value of your net worth as of December 31, 2009, or a more current date   [Note  Net worth is not calculated by subtracting your *reported* liabilities from your *reported* assets, so please see the instructions on page 3.]

My net worth as of December 31, 2009 was $ 3,351,652.00

## PART B – ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry, collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items, and vehicles for personal use

The aggregate value of my household goods and personal effects (described above) is $ 150,000.00

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Residence in Miami-Dade County (1/2 interest) | 2,800,000.00 |
| Vail Colorado Condominium/Eagle County | 250,000.00 |
| Bank Accts, Persion, Brokerage Accounts, Bank of America, Wachovia | 650,000.00 |
| 2010 Range Rover   Fidelity | 64,000.00 |

## PART C – LIABILITIES

**LIABILITIES IN EXCESS OF $1,000:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Credit Line / P.O. Box 4622 Waterloo, I A | 410,000.00 |
| Wellsfargo  P.O. Box/ H.C Box 150 769, Dallas Tx | 128,000.00 |
| Chase Financial Group/P.O. Box 78067, Phoenix AZ 85062 | 24,350.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None ~ | |
| | |
| | |

CE FORM 6 - Eff 1/2010          (Continued on reverse side)          PAGE 1

EXHEE

9:02        🔒 en.m.wikipedia.org      LTE

American            based in

       ,       , and incorporated in

. It is the parent company of **U.S. Bank** National Association, which is the 5th

. The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106      and 4,842

, primarily in the Midwestern

,    and has approximately 72,400 employees.    The company also owns

a processor of credit card transactions. U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the         . Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the

, is held by        , which it obtained upon its merger with

**U.S. Bancorp**



U.S. Bank

3
ORDE



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
　　Plaintiff,

　　　　　　　CASE NO.    2007-12407-CA
vs.　　　　　　DIVISION    32

SPACE FOR RECORDING ONLY F.S.§695.26

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION;  CITY
OF NORTH MIAMI;
　　Defendant(s).

_____/

## FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff, pursuant

to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

　　ORDERED AND ADJUDGED as follows:

　　1.　　The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to

bring an action to foreclose the mortgage which is the subject matter of the instant cause.

　　2.　　All Counts of the Complaint against Defendants: LEROY WILLIAMS; MARK WELLS;

FRANKLIN CREDIT MANAGEMENT CORPORATION;  CITY OF NORTH MIAMI;  are hereby dismissed.

　　3.　　Any scheduled foreclosure sale is canceled.

---

FILE_NUMBER: F07012148



Serial: 13666522
DOC_ID: M010502



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

US Bank ,N.A.
    Plaintiff(s)

April 1,2010

Vs.

Leroy Williams
    Defendant(s)

### ORDER OF DISMISSAL WITH PREJUDICE

   This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
   IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 201:     APR 06 2010

CIRCUIT COURT JUDGE

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

CC. Allpaches

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original filed in this office ___/___/___ AD 20 _2/_
HARVEY RUVIN Clerk of Circuit and County Courts
Deputy Clerk _____
MONA BRUNO #79806

Loan No: ▉▉▉▉▉

Mortgagee: LEROY WILLIAMS

Address:    16020 SOUTH RIVER DRIVE
            MIAMI, FL 33167

Loan Amount:$ 448,000.00

# ALLONGE TO NOTE

PAY TO THE ORDER OF:

## RESIDENTIAL FUNDING CORPORATION

WITHOUT RECOURSE

Assistant Secretary
Axiom Financial Services

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By Judy Faber, Vice President

MIN # 100176105062733202
MI: 62001".UFF

WILLIAMS
Page 1 of 1



10:34 ⁊ 5G

🔒 bing.com

Homecomings Financial is owned by **GMAC-RFC**, an international financial services corporation which earns major profits each year, such as $2.9 billion in 2004. Register your Homecomings Financial Network Complaint

## Homecomings Financial Network - Big...
www.bigclassaction.com/lawsuit/homecomings_fin...

Feedback

### PEOPLE ALSO ASK

Where is the homecomings financial mortgage company located? ⌄

When did homecomings financial go out of business? ⌄

Is there a GMAC Bank that accepts mortgages? ⌄

## Attestation Report - GMAC Mortgage, LLC and Homecomings ...
https://**www.sec.gov**/Archives/edgar/data/138332...

*Homecoming is GMAC*

We have examined GMAC Mortgage, LLC (the "Company"), for itself and its affiliated servicing participant Homecomings Financial, LLC (both subsidiaries of Residential Capital, LLC), compliance with the servicing criteria set forth in Item 1122(d) ...

HOMECOMINGS FINANCIAL, LLC, a

# AFFIDAVIT OF FACT

**STATE: OHIO**
**COUNTY: FAIRFIELD**

The undersigned, Wesley Jarvis, Trustee for CUSIPONE Trust, hereby states and confirms that he is of legal age and competent to state on belief and personal knowledge that the facts set forth herein, as duly noted below are true, correct, complete and presented in good faith, establish that:

     1.      The CUSIP numbers attached for LEROY WILLIAMS, for an account bearing number *100176105062733202*, were searched through independent databases, confirmed with trading desks, and at least one interest was confirmed as per the reports issued and attached as a result.

     2.      The Fund Manager, or other custodian(s) of the accounts of the fund(s) may have access to internal records indicating detailed data about the percentage of interest as held for the account of LEROY WILLIAMS.

     3.      More than one fund may have an interest in the accounts of LEROY WILLIAMS.

FURTHER AFFIANT SAYETH NOT.

Signed and sealed this ___3d___ day of ___January___, in the Year of our Lord, two thousand twenty-two (2022).

All Rights Reserved.
For WESLEY JARVIS

Wesley J. Jarvis, Trustee

Exh. C
Pg 2

## JURAT

State of __On__ )

**Subscribed and Affirmed** )

County of __F____ )


On __January____ , 2022 before me, _____ (notary public)
personally appeared **Wesley J. Jarvis** [  ] personally known to me or [x] proved to me on the basis of
satisfactory evidence, to be the person whose name is subscribed to above and acknowledged to me that
he executed the same in his authorized capacity.

I now affix my signature and official seal to these affirmations.

_____ (Signature)

Notary Public State of __Oh__                     Seal:

My Commission Expires: __5/16/24__



## Your CUSIP Results are as follows:

**LEROY WILLIAMS (ACCT 100176105062733202 [MIN])**
**Fidelity Advisor Strategic Real Return Fund**
Symbol:                FSRAX
CUSIP:                 315912873

Inception Date:        9/7/2005
Net Assets:            $462,624,000.00 as of
                       12/3/2021
Portfolio Assets:      $462,624,000.00 as of
                       12/3/2021

### A little about the Fund:

Fidelity Strategic Real Return Fund seeks real return consistent with reasonable
investment risk by investing in domestic and foreign issuers using a neutral mix of
approximately 30% of inflation-protected debt securities, 25% floating-rate loans and
20% REITs and other real estate related investments.



verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by Franklin Credit Management Corporation.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, AND joined after signing the Note and Security Instrument now in default, please notify Franklin Credit Management Corporation immediately. When contacting Franklin Credit Management Corporation as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact David Behler toll-free at 201-604-4503 if you have questions about your rights under SCRA.

For help exploring your options, the Federal government provides contact information for housing counselors, which you can access by contacting the Department of Housing and Urban Development at https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or by calling 1-800-569-4287.

Sincerely,

Franklin Credit Management Corporation
101 HUDSON STREET, 24TH FLOOR
JERSEY CITY, NJ 07302
1-800-650-7162

Wiring Instructions: PNC Bank, N.A 249 Fifth Ave. Pittsburgh, PA 15222 ABA: 031 207 607 Bank Swift Code: PNCCUS33 -required for International payments- Account number: 802 636 1855 Franklin Credit Management Corp - General Depository 101 Hudson Street, 24TH FLOOR/Suite 2500 Jersey City, NJ 07302

CFN 2005R1193500
OR BK 23966 Pgs 3465 - 34827 (18ass)
RECORDED 11/16/2005 16:44:30
DEC TAX 5,250.00
INTANG TAX 3,000.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

This Instrument Prepared By:

After Recording Return To:
LANCASTER MORTGAGE BANKERS
25 INDEPENDENCE BLVD
WARREN, NEW JERSEY 07059
Loan Number: 150008387

# Exh. RR pg.1

[Space Above This Line For Recording Data]

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated OCTOBER 20, 2005 , together with all Riders to this document.
(B) "Borrower" is LEROY WILLIAMS, AN UNMARRIED MAN

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is LANCASTER MORTGAGE BANKERS

Lender is a LIMITED LIABILITY COMPANY                                    organized
and existing under the laws of NEW JERSEY
Lender's address is 20 INDEPENDENCE BLVD, WARREN, NEW JERSEY 07059

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated OCTOBER 20, 2005 .
The Note states that Borrower owes Lender ONE MILLION FIVE HUNDRED THOUSAND AND
00/100                                          Dollars (U.S. $ 1,500,000.00 )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than NOVEMBER 1, 2035 .
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                        Page 1 of 15                        DocMagic 800-649-1362
www.docmagic.com





**Exh. RR pg.2**

(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | PREPAYMENT RIDER TO SECURITY INST |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association, or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5 for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in the

COUNTY                          of          MIAMI-DADE
[Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]

FLORIDA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                                    Page 2 of 15



**Exh. RR pg.3**

A.P.N. #: 0622280113400

which currently has the address of 1977 NE 119TH ROAD

MIAMA A/K/A NORTH MIAMI    , Florida    33181

[City]    [Zip Code]    ("Property Address")

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01    Page 3 of 15



**Exh. RR pg.4**

until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2.  **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3.  **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01
Page 4 of 15

DocMagic *DocMagic* 800-649-1362
www.docmagic.com



Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.  Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.  Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of

FLORIDA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                                    Page 5 of 15



any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which

---

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01     Page 6 of 15

DocMagic *EForms* 800-649-1362
www.docmagic.com



consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such



insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                                    Page 8 of 15
                                                                                        DocMagic ☎ 800-649-1362
                                                                                        www.docmagic.com



**Exh. RR pg.10**

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security

Book23966/Page3474    CFN#20051193500          Page 10 of 18



**Exh. RR pg.11**

Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations



**Exh. RR pg.12**

to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01
Page 12 of 15

DocMagic  800-649-1362
www.docmagic.com



**Exh. RR pg.13**

proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

25. **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.





**Exh. RR pg.14**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
LEROY WILLIAMS                    -Borrower
1977 NE 119TH ROAD, NORTH
MIAMI, FLORIDA 33181

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

Signed, sealed and delivered in the presence of:

Michelle Austin-Wilks                Peggy O'Brien

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                Page 14 of 15

*DocMagic €Forms* 800-649-1362
*www.docmagic.com*

Book23966/Page3478    CFN#20051193500          Page 14 of 18

**Exh. RR pg.15**

———————— [Space Below This Line For Acknowledgment] ————————

STATE OF FLORIDA
COUNTY OF Broward

The foregoing instrument was acknowledged before me this 20 day of October, 2005
by LEROY WILLIAMS, a single

who is personally known to me or who has produced valid D/L
as identification.                                          (Type of Identification)

Michelle Austin-W...
Commission # ...
Expires Dec ...
Bonded ...
Atlantic Bond

(Seal)

Signature _____

Name of Notary _____

Title _____

Serial Number, if any _____

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                    Page 15 of 15

DocMagic ℮Forms 800-649-1362
www.docmagic.com

# Exhibit A

**Exh. RR pg.16**

LOT 103, BLOCK 14, SANS SOUCI ESTATES, according to the Plat threof as recorded in Plat Book 50, Page 86 of the Public Records of Mami-Dade County, Florida

Parcel Identification Number: 0622280113400

File Number: 05a-138

DoubleTimes

**Exh. RR pg.17**

## PREPAYMENT RIDER

Loan Number: 150008387

Date: OCTOBER 20, 2005

Borrower(s): LEROY WILLIAMS

THIS PREPAYMENT RIDER (the "Rider") is made this 20th day of OCTOBER , 2005 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure repayment of Borrower's promissory note (the "Note") in favor of LANCASTER MORTGAGE BANKERS, A LIMITED LIABILITY COMPANY

("Lender"). The Security Instrument encumbers the Property more specifically described in the Security Instrument and located at

1977 NE 119TH ROAD, MIAMA A/K/A NORTH MIAMI, FLORIDA 33181
[Property Address]

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

### A.   PREPAYMENT CHARGE
The Note provides for the payment of a prepayment charge as follows:

**4 . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase. If this Note provides for a variable interest rate or finance charge, and the interest rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under applicable law.

MULTISTATE PREPAYMENT RIDER - SPP
6/03                                   Page 1 of 2               DocMagic €Formss 800-649-1362
                                                                 www.docmagic.com



OR BK 23966 PG 3482
LAST PAGE

**Exh. RR pg.18**

      If within TWELVE     ( 12   ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to SIX     ( 6   ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

      Notwithstanding the foregoing provisions, I may make a full Prepayment without paying a Prepayment charge in connection with a bona fide and arms-length sale of all or any part of, or any legal or beneficial interest in, the Property within the first 12 months of the term of the Note. The phrase "bona fide and arms-length sale" means a sale in which all of the parties involved in the transaction, including without limitation, the buyer, seller, lender, real estate agent or broker, are independent of one another and unrelated by familial or financial interests. I agree to provide the Note Holder with any and all evidence reasonably requested by the Note Holder to substantiate that the sale of the Property is bona fide and arms-length.

      BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Rider.

_____ -(Seal)        _____ (Seal)
LEROY WILLIAMS      -Borrower                 -Borrower

_____ (Seal)        _____ (Seal)
            -Borrower                 -Borrower

_____ (Seal)        _____ (Seal)
            -Borrower                 -Borrower

MULTISTATE PREPAYMENT RIDER - SPP
6/03            Page 2 of 2            DocMagic ☎ 800-649-1362
                                                 www.docmagic.com

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office November 18   AD 20 21
HARVEY RUVIN, CLERK, of Circuit and County Courts

Deputy Clerk    Harvey Ruvin
                   Harvey Ruvin, Clerk 28465727

**Exh. VV Pg4**



## Loss Mitigation Options and Eligibility Requirements

As your mortgage loan servicer, we understand that you may be experiencing financial difficulty with making your mortgage payments and would like to discuss your options to make your mortgage payment affordable. We will determine if you qualify based on your financial situation. Please see the workout options and eligibility requirements below for the loan that is the subject of this Notice or filing.

**Know your options:**

• **Repayment Plan** - A temporary agreement, which allows for repayment of the unpaid past-due debt along with continued regular mortgage payments. The unpaid past due debt may include principal, interest, fees, and/or costs incurred by the lender.

Eligibility Requirements for this option require a portion of the unpaid past due debt as a down payment, with the remainder of the unpaid debt being spread out over a period of months. You will make the additional payment along with your regular monthly mortgage payment. In order to qualify for this option, you must be able to make the required payments as outlined in the plan.

• **Deferment Plan** – A temporary agreement which allows some payments to be suspended until a future date, at which time those payments must be repaid, or arrangements made to repay them over an agreed upon period (usually 3-6 months).

Eligibility Requirements for this option are determined by the ability to pay, the current value of the home and the hardship suffered. This option is only available for mortgage loans where the property is the borrower's primary residence

• **Loan Reinstatement** – If you have the financial ability to bring your loan current, your lender/servicer will accept the funds needed to bring the loan current until the day of your foreclosure sale. In addition to the monthly mortgage payment, late charges and other amounts due on your loan obligation you may be required to pay all outstanding attorney's fees and costs of collection.

• **Loan Modification** – A loan modification allows you the option to repay the loan on newly agreed upon terms, which may include lowering the interest rate, placing amounts past due at the end of the loan, and/or extending the term of the loan.

Eligibility Requirements for a loan modification are determined by the ability to pay (which may require a down payment towards the unpaid past due debt and completion of a trial period plan), the current value of the home and hardship suffered.

1 | Page



**Exh.V V Page 5**



**If you have explored all of the options above and are still unable to continue making your monthly mortgage payment, here are some options to assist you in avoiding foreclosure:**

• **Deed-In-Lieu** - An option that allows you to voluntarily deed your property to the owner of your mortgage in order to avoid foreclosure. In return, you agree to vacate the property on an agreed upon date leaving the property in "broom swept" condition. You must allow the lender/servicer access to inspect your property (which may include the interior of the home) should such a request be made.

   Eligibility Requirements include your inability to pay the debt. Your lender may ask you to complete a financial questionnaire (which may require a hardship letter). In addition, there can be no other liens or judgments against the property other than your mortgage obligation that is currently in default. In other words, title must be "clear and marketable". In some circumstances, your lender may want you to prove that your taxes, insurance, and utilities are current.

• **Short Sale** – This option allows you to avoid foreclosure by selling your property for less than the total amount owed on the account (subject to agreement by your servicer/lender). While the Short Sale releases the lien on the property, it does not necessarily absolve the borrower of any remaining debt. For both senior and junior liens, Franklin Credit Management Corporation reserves the right to pursue the deficiency balance on behalf of its client, where state law allows.

   In order to be eligible you must no longer be able to maintain the mortgage payments, and you must demonstrate that the current property value is below your current indebtedness. The lender may ask you to complete a financial questionnaire (which may require a hardship letter) in order to evaluate your ability to pay the debt. The property must have been listed with a real estate agent. You must also have a buyer willing to purchase the property for the current fair market value. You must provide a Real Estate Purchase Agreement (with no contingencies), Estimated Settlement Statement and Listing Agreement to the servicer for review. If requested, you must allow the lender servicer access to appraise/value your property.

• **Settlement** - This option allows you to avoid foreclosure by settling the debt for less than the total amount owed on the account (subject to agreement by your servicer/lender), and also resulting in the release of the servicer/lender's lien on your home.

   Eligibility Requirements include your inability to pay the debt. You may be required to complete a financial questionnaire (which may require a hardship letter), provide proof of income, a copy of your financials, a payoff letter from the any other mortgages on the property, and may need to provide other documents required to establish your eligibility. All settlement agreements are also subject to client approval.

**You must take the first step by contacting us, at 1-800-650-7162, Monday through Friday, 8:00am – 5:00pm ET. You may also write to us at 101 Hudson Street, 24th Floor, Jersey City, NJ 07302 or email us at _documents@franklincredit.com_ . Be sure to include your name and loan number in your correspondence.**

Please be advised that this letter does not constitute a commitment to approve any workout plan.

2 | Page



Sent Via First-Class Mail

11/17/2021

LEROY A WILLIAMS
15020 S RIVER DR
MIAMI, FL 33167-1035

Loan Number:       0001920274
Property Address:  15020 S RIVER DR
                   MIAMI, FL 33167-1035

Dear LEROY A WILLIAMS:

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

This is a legally required notice. We are sending this notice to you because you are behind on your mortgage payment. We want to notify you of possible ways to avoid losing your home. We have a right to invoke foreclosure based on the terms of your mortgage contract. Please read this letter carefully.

Your payment to Franklin Credit Management Corporation, the Servicer of the above-referenced loan acting on behalf of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1, is currently delinquent. If you are unable to bring your account current, Franklin Credit Management Corporation offers loss mitigation programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers.

Call us today to learn more about your options and instructions for how to apply.

David Behler
101 HUDSON STREET, 24TH FLOOR
JERSEY CITY, NJ 07302
201-604-4503
Monday through Friday 8:00 AM - 5:00 PM ET

For more information, visit www.franklincredit.com or email us at Documents@franklincredit.com.

If you need help, enclosed are application instructions and a list of loss mitigation programs for which you may be eligible (most are subject to lender approval).

**Franklin Credit Management Corporation is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or**



Exh. SS

City NATioNAL
is Wells FARO

6:14    duckduckgo.com

https://www.thestar.com › business › question › 2022 › 0

**Banking: BMO vs. Wells Fargo**

Jan 1, 2022. The acquisition will add nearly 1.8 million customers and 5M branches to BMO's portfolio, and puts it head-to-head with Wells Fargo and RBC-owned City National, which are both domiciled in ...

https://www.bankswd.com › south-dakota › sioux-falls-b

**Wells Fargo Bank NATIONAL CITY - HIGHLAND BRANCH, National ...**

All Locations  Locations by State/City  Zip Code Search. Wells Fargo Bank NATIONAL CITY - HIGHLAND BRANCH Address: 1199 Highland Avenue. National City, CA 91950. NATIONAL CITY - HIGHLAND BRANCH (FDIC #264623) is one of domestic offices of Wells Fargo Bank in National City. It was established in 1885-01-01 serving as a Full Service Brick and Mortar Office, locates at 1199 Highland

http://www.bankswd.com › nevada › las-vegas-banks ›

**Wells Fargo National Bank West Locations By State City**

This page provides information about Locations By State City. Wells Fargo National Bank West Locations By State City Wells Fargo National Bank West Locations By State City of Wells Fargo National Bank West Wells Fargo National Bank West Locations By State City Email: admin@bankswd.com Top Search Banks  Bank Of America

https://www.wellsfargo.com

**Wells Fargo - Banking, Credit Cards, Loans, Mortgages & More**

Investment products and services are offered through Wells Fargo Advisors. Wells Fargo Advisors is a trade name used by Wells Fargo Clearing Services, LLC (WFCS) and Wells Fargo Advisors Financial Network, LLC. Members SIPC, separate registered broker-dealers and non-bank affiliates of Wells

3/7/2014 •

Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information

*DOCKET #1*    *EXHIBIT*    C

🛒 0 Item(s) in Basket          Home     Online Services     About us     Contact us



# HARVEY RUVIN
## CLERK of the COURTS
### MIAMI-DADE COUNTY, FLORIDA

## Civil / Probate Justice System - Docket Information

BACK TO SEARCH RESULTS              ALL PARTIES              START A NEW SEARCH

**US BANK (NA) vs WILLIAMS, LEROY**

\* Click on BOOK/PAGE of a particular docket to see the image if it is available \*

**Case Number (LOCAL):** 2007-12407-CA-01    **Dockets Retrieved:** 48    **Filing Date:** 04/26/2007
**Case Number (STATE):** 13-2007-CA-012407-0000-01    **Judicial Section:** 32

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 04/07/2011 | | LETTER OF CORRESPONDENCE | FROM MACK L WELLS |
| 11/04/2010 | | NO FURTHER JUDICIAL ACTION | ORDER FILED IN CASE # 00-8186 CA01 AND IN SHARE DRIVE |
| 10/14/2010 | | MOTION: | TO VACATE LAST ORDER & RETAIN ORIG.ORDER |
| 09/28/2010 | | MOTION TO VACATE DISMISSAL | |
| 08/06/2010 | | TEXT | RETD ORIGINAL NOTE AND MORTGAGE. |
| 06/25/2010 | 27343 / 949 Pages 3 | COURT ORDER | BK:27343 PG:0949 VACATING, DISMISSING,CXL SALE,RELEASE LIS PENDENS, ETC.. |
| 06/20/2010 | | MOTION: | ATY:00071675 R: 5058 TO DISMISS CASE,CANCEL FORECLOSURE SALE,ETC. |
| 06/18/2010 | | FINAL DISPOSITION DOCUMENT | |
| 04/07/2010 | 27244 / 4193 Pages 1 | COURT ORDER | BK:27244 PG:4193 OF DISMISSAL |
| 04/07/2009 | *Judge Zabel Dismissal with Prejudice* TEXT | | DISMISS FOR LACK OF PROSECUTION WITH PREJUDICE |
| 09/09/2008 | | OBJECTION: | TO WRITTEN DISCOVERY,MTN TO STRIKE OR,...ETC |
| 09/09/2008 | | NOTICE: | THAT PLTFF HAS RESPONDED TO DEFENDANT,...ETC |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FR LACK OF PROSECUTION |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FOR LACK OF PROSECUTION |
| 09/17/2007 | 25944 / 542 Pages 2 | COURT ORDER | BK:25944 PG:0542 CANCELING FORECLOSURE SALE |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE : |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE :08/31/2007 |
| 09/12/2007 | | MOTION: | TO CANCEL FORECLOSURE SALE |
| 09/10/2007 | | MOTION: | ATY:88888888 R: 145184 SET ASIDE FJUD AND RECONSIDER STAY |

3/7/2014    Miami-Dade County Clerk- Civil / Probate Justice System - Docket Information

| Date | Book/Page | Type | Description |
|------|-----------|------|-------------|
| 09/10/2007 | | TEXT | $50 FEE PD/RCPT 145184 |
| 08/30/2007 | | NOTICE OF SALE | . |
| 08/24/2007 | | TEXT | WRITTEN REQUEST, DISPUT VALIDITY OF ALLEGED LOAN |
| 08/14/2007 | | CERTIFICATE OF MAILING FINAL JUDGMENT | |
| 08/13/2007 | | NOTICE OF FILING: | ORIGINAL MORTGAGE AND ORIGINAL NOTE |
| 08/13/2007 | | NOTICE OF FILING: | AFFIDAVIT OF AMOUNTS DUE AND OWING |
| 08/13/2007 | | TEXT | FINAL DISPOSITION FORM |
| 08/13/2007 | | TEXT | SALE DATE 09-14-2007 |
| 08/09/2007 | 25872 / 4163 Pages: 6 | FINAL JUDGMENT | J $ 491500.11 BK:25872 PG:4163 DN01 DN02 DN03 DN04 |
| 07/26/2007 | | DEFAULT | DN03 |
| 07/26/2007 | | NOTICE OF DEFAULT NOT ENTERED | DN01 DN02 E |
| 07/19/2007 | | NOTICE OF HEARING- | MOTIONS 08/09/2007 10:00 AM |
| 07/19/2007 | | MOTION FOR DEFAULT | |
| 07/19/2007 | | MOTION FOR SUMMARY JUDGMENT | |
| 07/19/2007 | | NON-MILITARY AFFIDAVIT | |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/23/2007 DN02 |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/12/2007 DN01 |
| 06/12/2007 | | TEXT | SUMMONS RTD NON-SERVED UNK SPOUSE OF WILLIAMS |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 118 P 05/02/2007 DN03 |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1300 P 05/01/2007 DN04 |
| 06/06/2007 | | TEXT | OPPOS.TO PLNFS MORT.FORECLOSURE COMPLT ETC. |
| 06/06/2007 | | TEXT | WRITTEN REQU.FORMAL PROTEST,&DISPUTE ETC. |
| 05/23/2007 | | ANSWER | ATTORNEY:00314021 DN04 |
| 04/30/2007 | 25576 / 1873 Pages: 1 | LIS PENDENS | BK:25576 PG:1873 |
| 04/26/2007 | | COMPLAINT | |
| 04/26/2007 | | CIVIL COVER | |
| 04/26/2007 | | SUMMONS ISSUED | DN01 DN02 DN03 DN04 |

BACK TO SEARCH RESULTS                    ALL PARTIES                    START A NEW SEARCH

S0142977

≡ en.m.wikipedia.org

≡ **WIKIPEDIA**    Q Search Wikipedia

# U.S. Bancorp

**Article**   **Talk**

文A Language          ☆ Watch    ✏ Edit

*"US Bank" redirects here. For other uses, see Bank of the United States.*

**U.S. Bancorp** (stylized as **us bancorp**) is an American bank holding company, based in Minneapolis, Minnesota, and incorporated in Delaware.[1] It is the parent company of **U.S. Bank** National Association, and is the fifth largest banking institution in the United States.[5] The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 branches and 4,842 automated teller machines, primarily in the Western and Midwestern United States.[3] It is ranked 117th on the Fortune 500,[6] and it is considered a systemically important bank by the Financial Stability Board. The company also owns Elavon, a processor of credit card transactions for merchants, and Elan Financial Services, a credit card issuer that issues credit card products on behalf of small credit unions and banks across the U.S.[7]

U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the National Bank Act. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the First National Bank of Philadelphia, is held by Wells Fargo, which was obtained upon its merger with Wachovia.[8]

*U S BANK is US BANCORP which is Wells Fargo and is .......... IA*

≡ **Contents**

∧ **History** ✏



**U.S. Bancorp**

**usbancorp**

The U.S. Bank name first appeared as **United States National Bank of Portland**, established in Portland, Oregon, in 1891.[9] In 1902, it merged with Ainsworth National Bank of Portland, but kept the U.S. National Bank name.[10] It changed its name to the United States National Bank of Oregon in 1964.[9]

The central part of the franchise dates from 1864, with the formation of First National Bank of Minneapolis.[11] In 1929, that bank merged with First National Bank of St. Paul (also formed in 1864) and several smaller Upper Midwest banks to form the First Bank

$Exh.\ UU$



Two predecessor banks of Wachovia owned or used slaves before the Civil War, the nation's fourth largest bank said Wednesday as it made an apology to black Americans.

"We are deeply saddened by these findings," Wachovia chairman Ken Thompson said in a statement. The Charlotte-based company said it contracted earlier this year with The History Factory, a historical research firm, to investigate the predecessor banks and any connections they had to becoming involved in the slave trade.

*Exh. VVV*

Royal Bank of Canada
is Morgan Stanley &
is JP Morgan

---

6:55

🔒 duckduckgo.com

🔵 https://www.sec.gov · All ...

**HTML - SEC.gov | HOME**

ROYAL BANK OF CANADA and MORGAN STANLEY MUFG
LOAN PARTNERS ... C AS CO-DOCUMENTATION AGENTS
Dated as of February 10 2021 ... Barclays Bank PLC Citibank
N.A. JPMorgan Chase Bank, N.A. RBC Capital Markets and
Morgan Stanley MUFG Loan Partners. LLC (acting through
Morgan Stanley Senior Funding, Inc. and MUFG Bank, Ltd.)

---

✅ https://finance.yahoo.com · news · royal-bank-canada

**Royal Bank of Canada announces NVCC subordinated debenture ..**

Royal Bank of Canada (TSX: RY) (NYSE: RY) today announced
an offering of $1 billion of non-viability contingent capital
(NVCC) subordinated debentures ("The Notes") through its
Canadian Medium

---

⭕ https://eddadynews.com · news · morgan-stanley-nyse

**Morgan Stanley (NYSE MS) Shares Sold by Ausdal Financial ...**

Finally, Royal Bank of Canada downgraded Morgan Stanley
from an "outperform" rating to a "sector perform" rating and
set a $97.00 target price on the stock in a research report on
Friday

---

🔵 https://www.reuters.com · article · uk-rbc-wealth-usa

**Canada's RBC turns heads in U.S. with wealth management ...**

That compared with a 1% increase at Bank of America Corp's
wealth unit to $2.9 trillion and a 3.5% jump at Morgan Stanley
to $2.7 trillion, the firms with the biggest wealth management
units

---

🔵 https... [Try the DuckDuckGo app ✕] ...

**Brazil w... Royal**

Exh. W

6:39                                    📶 📶 📶

🔒 duckduckgo.com

W https://en.wikipedia.org › wiki › List_of_bank_mergers
List of bank mergers in the United States - Wikipedia

Chemical Bank JPMorgan Chase 1993 First Bank System Inc Colorado National Bank First Bank System, Inc (CNB) remained unchanged until after merger with U.S. Bancorp) U.S. Bancorp 1993 Banc One Corp Valley National Bank of Arizona Banc One Corp JPMorgan Chase 1993 Bank of Boston Corp South Shore Bank, Mechanics Bank, First Agricultural

JP MORGAN
IS US BANCCRP

🏦 https://www.jpmorgan.com › commercial-banking › in
Economic Trends to Watch in 2022 | JPMorgan Chase

Strong household balance sheets, depleted inventories and federal infrastructure spending are poised to drive economic demand in 2022. Personal consumption expenditures have risen 12% since 2020, and the ratio of disposable income to household net worth is nearing a record high. Government stimulus, along with the booming equities and real

🏛 https://www.firstam.com › title › commercial
Commercial Title Insurance | First American

A partner committed to your success. When you work with First American Title you've backed by a team of commercial experts poised to get your deal across the finish line. We have the industry-leading products, services and expertise you need to close your transactions efficiently – regardless of size, scope or complexity.

🏦 https://www.firstambank.com › en-US › Wealth Explore
IL WI FL Bank Experts - First American Bank | IL Bank | FL

Melrose joined First American Bank in 2009 and brings over 15 years of financial service industry experience. Prior to working for First American Bank, Melrose worked for the First National Bank of Chicago and Northern Trust Company

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR

MIAMI DADE COUNTY FLORIDA CIVIL ACTION

MACK WELLS

Plaintiff

Case No. 2010-61928-CA01

v.

U. S. BANK N.A. AS TRUSTEE FOR
RASC 2005AHL3

Defendants,

FILED FOR RECORD
2020 FEB 13 PM 3:32

## MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND MEMORANDUM OF LAW

Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60, Plaintiff Mack wells hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the Dec. 19 2017 Judge John Schlesinger review of the record and Final Judgement Order, Exhibit. J. based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits # B) Attached-U.S. Bank N.A. Special Situation Property Funds Account Page 42, IFRS 2018 Tables 9-13. SEC Filings-US Bank Florida Subsidiaries, Judge Schlesinger Financial Interests & Property Disclosures).

*Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd Fl. Rule 2.160 (D) (1) Fl. Code Jud. Conduct , Canon 3E(1) A Judge shall disqualify himself where impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312 (8) Judge can't have a conflict of Interest !*

Judge Schlesinger must Recuse himself for an open obvious Conflict of Interest because he's doing business with US Bank and helping them to make money so that he can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make him and them money Illegally. Here's proof. US BANK is US BANCORP, Exhibit.A. And US BANCORP is Morgan Stanley, Exhibit B1 and B2, and Morgan Stanley is Morgan Stanley Brokerage, Exhibit H. Judge John Schlesinger is doing business with US Bank (Morgan

Stanley) as seen in his FORM 6 page, 3.line,6. From Tallahassee called FULL AND PUBLIC DISCLOSURE OF FINANCIAL Exhibit, C. Which is a major Conflict of Interest. Judge John Schlesinger is worth 5.8 Million (Investigated) with Zero debt. Schlesinger has done business with MERS Exhibit, N. as seen on the public record Exhibit, F. Who is the Entity that is the entity who assigned our Mortgage to US BANK, Exhibit, G. Judge Schlesinger has ruled in favor of US Bank And That is a major Conflict of Interest as I said Judge Schlesinger is also doing business with Morgan Stanley, Exhibit, L and B. Who is the same as JP MORGAN Exhibit, D. Who is doing business and is apart of Chase Manhattan Bank, Exhibit.M. that Judge Schlesinger was doing business with and got his properties from, Exhibit.L. Judge Schlesinger is doing business with all of the entities that he's Judging on against us and there's more. I have found that our case was directed to him in this Pool who all do business with US Bank MERS and others.


## FACTUAL BACKGROUND


1. On Dec. 19, 2017, Defendant Judge John Schlesinger issued a final Judgment order Exhibit.A against Plaintiff Mack Wells for amounts due and owing on same mortgage that was dismissed with Prejudice in former case no: 07-12407CA01 where U.S. Bank could never produce the promissory Note though they were asked by the Judge several times but never did bring it forth, Exhibit. I. A judge cannot change another Judge's ORDER!

2. And also on Dec.19, 2017, Judge John Schlesinger issued the final order Judgement order acting as a quasi-defense attorney for US Bank his personal investment Partner to make money together.

3. Plaintiff Mack Wells has now subsequently provided the United States Department of Justice (DOJ) on specific newly discovered whistle blower information and records regarding millions of dollars in exposed fraudulent foreclosure claims made by the Defendants U.S. Bank, Clerks and Court officers in this action. Exhibit, O.


## MEMORANDUM OF LAW


The Defendants maintains timely Constitutional due process civil rights for Florida Rule 2.160 (H) and Federal Rule 60 Relief to close this case with the original Dismissal with Prejudice in our Defendants favor with requirement of Judge Schlesinger's Recusal based on exposed financial conflicts of interests Fla. Stat.112.312 (8)(9).

*Rule 2.160 (H) and FRCP Rule 60, relief from .Judgment Or Order. and to vacate Order .*

*Their is to be no conflict of interest with the Judge and the Plaintiff against DEFENDANTS. LIKE*

*(1) mistake, inadvertence, surprise, or excusable neglect;*

*(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);*

3. *Fraud whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an Opposing party*

A Judge is expected to Recuse himself pursuant to 28 U.S, C. § 455 Under § 455(a), Recusal is mandatory in "any proceeding in which his impartiality might reasonably be questioned." Under § 455(b), a judge is expected to disqualify himself whenever any of the five statutorily prescribed criteria can be shown to exist in fact; even if no motion or affidavit seeking such relief has been filed, and regardless of whether a reasonable person would question the judge's impartiality.

*Section 455(b) he shall also disqualify himself in the following circumstancess.*

*(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings*

*(d)(4) "financial interest" means ownership of a legal or equitable interest, however small*

## CONCLUSION

This Motion for Relief by vacating order Judgment Florida Rule 2.160 (H)  and Recusal is based on new facts, related to a whistle blower's information, willful blindness, fraud, misconduct, and discovered evidence unknown at the time of the original Complaint filing Plaintiff could not reasonably know the financial dealings with Defendants of a yet to be assigned judge before the original Complaint filing As previously displayed by his Dismissal Order, due to cited improper financial conflicts of interest, Judge Schlesinger was incapable of impartially and without animus against Pro-Se Plaintiff or to exercise unbiased judicial duties required for due process justice in this case.

Judge Schlesinger has creditor loan history and business with Defendant U.S. Bank N.A.

MERS and JPMorgan that caused preferential Quid Pro *Quo* treatment by his .sua sponte review and Final Judgment Order. Judge Schlesinger has significant exposed investor financial interests in the subject matter in controversy and with Defendants U S. Bank N.A. that will be substantially negatively affected by the outcome of that proceedings when the Plaintiff "ultimately prevails and promotes in paid for adds in the media. Because people can't win when the Judge is on the side of the Banksters to steal property and money off their Prey!

Example of Judges who already recused themselves from US Bank

1. JUDGE DARRIN P. GAYLES Exhibit, P.
2. THOMAS WILLIAMS Exhibit, Q.

### REQUIRED RELIEF

Pursuant to Federal Rules of Civil Procedure Rule 60, Plaintiff requires Relief from the Dec.19, 2017 Final judgment Order [Exhibit.J. based upon the stated facts, just terms, cited misconduct, Rule 60 grounds and newly discovered banking real estate fraud by court officers.

Said Reopening Relief would require the vacating of his order and Recusal of Judge Schlesinger from this and any future related U.S. Bank N.A.banking real estate cases in this District. The Dismissal Order Relief also requires that all parties be reinstated to their prior positions in this action (Dismissal with Prejudice) requiring Clerk issuance of Summons upon the Defendants and allow the filing of a Motion to dismiss the Final Judgment for cause, grounds and reasons stated herein filed

MACK WELLS
15020 S. RIVER DR.
MIAMI, FLA. 33167

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12th day of Feb., 2020 a true and correct copy of the foregoing was provided via this Court's electronic filing system to the attorneys of record

MACK WELLS
15020 SOUTH RIVER DR.
MIAMI, FLA. 332167

## **AFFIDAVIT**

I MACK WELLS SWEAR THAT THIS IS A MOTION AND
AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS
AND MEMORANDUM OF LAW AND I AM A WITNESS THESE
EXHIBITS A, B1, B2, C, D, F, G, H, J, K, L, M, N, O, P, Q, ARE ALL
TRUE COPYS OF EXHIBITS   AND YOUR MOTION FOR
RECUSAL OF JUDGE JOHN SCHLESINGER

SIGNED, _Mack Wells_

MACK WELLS

15020 S. RIVER DR.

MIAMI, FL. 33167

I Rhonda R Starling Hall notarized this
letter on behalf of Mack Wells Jr who sign
before me on this 13th day of Feburary 2020
Which produced Florida Driver License Exp
6/25/2020.



*Exh. A.*

6:44

🔒 usbank.com    ↻

# usbank                                        US

Log In

## About U.S. Bank

U.S. Bancorp (NYSE: USB) is the parent company of U.S. Bank, one of the largest commercial banks in the United States, and its subsidiaries U.S. Bank Wealth Management and U.S. Bancorp Investments, Inc.. The company operates more than 3,000 banking offices and nearly 5,000 ATMs, and provides a comprehensive line of banking, brokerage, insurance, investment, mortgage, trust and payment-services products to consumers, businesses and institutions.

---

**Investment products and services are:**

**Not a Deposit • Not FDIC Insured • May Lose Value • Not Bank Guaranteed • Not Insured by any Federal Government Agency**

For U.S. Bank:

🏠 Equal Housing Lender. Credit products are offered by U.S. Bank National Association and subject to normal credit approval. Deposit products offered by U.S. Bank National Association. Member FDIC. Learn More

U.S. Bank is not responsible for and does not guarantee the products, services or performance of U.S Bancorp Investments.

For U.S. Bancorp Investments:

Investment products and services are available through U.S. Bancorp Investments, the marketing name for U.S. Bancorp Investments, Inc., member FINRA and SIPC, an investment adviser and a brokerage subsidiary of U.S. Bancorp and affiliate of U.S. Bank.

Back

Disclosure Information

Exh B1

mitchellmessenger.com

Chase & Co. raised their price objective on shares of U.S. Bancorp from $55.50 to $58.00 and gave the company a "neutral" rating in a research note on Monday, November 4th. Citigroup lowered shares of U.S. Bancorp from a "neutral" rating to a "sell" rating and decreased their price target for the stock from $54.00 to $49.00 in a research report on Tuesday, October 8th. Morgan Stanley restated a "sell" rating and issued a $62.00 price target (up previously from $61.00) on shares of U.S. Bancorp in a research report on Monday, November 18th. Credit Suisse Group restated a "hold" rating and issued a $55.00 price target on shares of U.S. Bancorp in a research report on Thursday, September 12th. Finally, UBS Group lifted their price target on shares of U.S. Bancorp from $56.00 to $58.00 and gave the stock a "neutral" rating in a research report on Monday, October 21st. Four investment analysts have rated the stock with a sell

10:29   globallegalchronicle.com

*Exh/B2*

principal amount of 3,200% senior notes due 2029.

In addition, Equinix completed a concurrent tender offer for any and all of its outstanding 5.375% senior notes due 2022, 5.375% senior notes due 2023, and 5.750% senior notes due 2025, which were paid for with the proceeds from the senior notes offering.

Goldman Sachs & Co. LLC, BofA Securities, Inc., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Barclays Capital Inc., Morgan Stanley & Co. LLC, MUFG Securities Americas Inc., RBC Capital Markets, LLC, SMBC Nikko Securities America, Inc., TD Securities (USA) LLC, Deutsche Bank Securities Inc., ING Financial Markets LLC, BNP Paribas Securities Corp., HSBC Securities (USA) Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, PNC Capital Markets LLC, Scotia Capital (USA) Inc., and U.S. Bancorp Investments, Inc. are all the underxriters involved in the offering.

Equinix, an American multinational company headquartered in Redwood City, California, connects more than 9,800 companies directly to their customers and partners inside the world's most interconnected data centers. Today, businesses leverage the Equinix interconnection platform in 52 strategic markets across the Americas, Asia-Pacific, Europe, the Middle East and Africa.

The Davis Polk corporate team included partners Alan F. Denenberg (Picture) and Emily Roberts and associates Ali DeGolia and Caitlin Moyles Cunnane. Partner Rachel D. Kleinberg provided tax advice and associate J. Taylor Arabian provided 1940 Act advice.

**Involved fees earner:** Taylor Arabian – Davis Polk & Wardwell; Ali DeGolia – Davis Polk & Wardwell; Alan



Exhibit G

200123

| FORM 6 | FULL AND PUBLIC DISCLOSURE | 2016 |
|---|---|---|
| Please print or type your name, mailing address, agency name, and position below: | OF FINANCIAL INTERESTS | FOR OFFICE USE ONLY: |

**LAST NAME — FIRST NAME — MIDDLE NAME:**
SCHLESINGER          JOHN          CHARLES

**MAILING ADDRESS:**
73 WEST FLAGLER STREET

ROOM 1202

| CITY : | ZIP : | COUNTY : |
|---|---|---|
| MIAMI | FL      33130 | |

**NAME OF AGENCY :**
STATE OF FLORIDA -- 11TH CIRCUIT

**NAME OF OFFICE OR POSITION HELD OR SOUGHT :**
CIRCUIT JUDGE

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

**FLORIDA COMMISSION ON ETHICS**

**JUL 03 2017**

**RECEIVED**

**PROCESSED**

## PART A -- NET WORTH

Please enter the value of your net worth as of December 31, 2016 or a more current date.  [Note:  Net worth is not cal-culated by subtracting your *reported* liabilities from your *reported* assets, so please see the instructions on page 3.]

My net worth as of ___June 20,___ , 20 _17_ was $ _28,834,751.25_ .

## PART B -- ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use, whether owned or leased.

The aggregate value of my household goods and personal effects (described above) is $ _250,000.00_

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| 1228 Alfonso Avenue, Coral Gables, FL | $3,700,000.00 |
| 1991 Ben Miller Road, Deep Gap, FL | 800,000.00 |
| 323 Tollgate Shores Drive, Islamorada, FL | 2,000,000.00 |
| CONTINUED ON PAGE TWO | |

## PART C -- LIABILITIES

**LIABILITIES IN EXCESS OF $1,000 (See instructions on page 4):**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| NONE -0- | -0- |
| | |
| | |
| | |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| NONE | -0- |
| | |
| | |

## PART D -- INCOME

Identify each separate source and amount of income which exceeded $1,000 during the year, including secondary sources of income. Or attach a complete copy of your 2017 federal income tax return, including all W2s, schedules, and attachments. Please redact any social security or account numbers before attaching your returns, as the law requires these documents be posted to the Commission's website.

☐ I elect to file a copy of my 2017 federal income tax return, including all W2's, schedules, and attachments.
   [If you check this box and attach a copy of your 2017 tax return, you need not complete the remainder of Part D.]

**PRIMARY SOURCES OF INCOME (See instructions on page 6):**

| NAME OF SOURCE OF INCOME EXCEEDING $1,000 | ADDRESS OF SOURCE OF INCOME | AMOUNT |
|---|---|---|
| Circuit Court Judge | State of Florida | $160,688.00 |
| Santander, LLC (rents) | 216-218 Santander Ave | $65,000.00 |

**SECONDARY SOURCES OF INCOME [Major customers, clients, etc., of businesses owned by reporting person--see instructions on page 8]:**

| NAME OF BUSINESS ENTITY | NAME OF MAJOR SOURCES OF BUSINESS' INCOME | ADDRESS OF SOURCE | PRINCIPAL BUSINESS ACTIVITY OF SOURCE |
|---|---|---|---|
| Quail Heights | Property Rental | P.O. Box850 McAree, NJ | Property Rental |
| Four Hearts | Property rental | P.O. Box850 McAree, NJ | Property Rental |

## PART E -- INTERESTS IN SPECIFIED BUSINESSES [Instructions on page 6]

| | BUSINESS ENTITY # 1 | BUSINESS ENTITY # 2 | BUSINESS ENTITY # 3 |
|---|---|---|---|
| NAME OF BUSINESS ENTITY | Santander, LLC | Quail Heights, LLC | Fore Hearts, LLC |
| ADDRESS OF BUSINESS ENTITY | 216 Santander Ave, Coral | P.O. Box850 McAree, NJ | P.O. Box850 McAree, NJ |
| PRINCIPAL BUSINESS ACTIVITY | Property Rental | Property Rental | Property Rental |
| POSITION HELD WITH ENTITY | Partner | Partner | Partner |
| I OWN MORE THAN A 5% INTEREST IN THE BUSINESS | Yes | Yes | no |
| NATURE OF MY OWNERSHIP INTEREST | 50% | 3.33% | 33.33% |

## PART F - TRAINING

For officers required to complete annual ethics training pursuant to section 112.3142, F.S.

☐ I CERTIFY THAT I HAVE COMPLETED THE REQUIRED TRAINING.

**OATH**

I, the person whose name appears at the beginning of this form, do depose on oath or affirmation and say that the information disclosed on this form and any attachments hereto is true, accurate, and complete.

_____
SIGNATURE OF REPORTING OFFICIAL OR CANDIDATE

STATE OF FLORIDA
COUNTY OF ___MIAMI-DADE___

Sworn to (or affirmed) and subscribed before me this __25th__ day of __July__ 20__18__ by __Ileana Perez__

_____
(Signature of Notary Public--State of Florida)

Notary Public-State of Florida
Ileana Perez
My Commission FF 183997

_____
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known __✓__ OR Produced Identification _____

Type of Identification Produced _____

If a certified public accountant licensed under Chapter 473, or attorney in good standing with the Florida Bar prepared this form for you, he or she must complete the following statement:

I, _____, prepared the CE Form 6 in accordance with Art. II, Sec. 8, Florida Constitution, Section 112.3144, Florida Statutes, and the instructions to the form. Upon my reasonable knowledge and belief, the disclosure herein is true and correct.

_____           _____
Signature                                           Date

Preparation of this form by a CPA or attorney does not relieve the filer of the responsibility to sign the form under oath.

IF ANY OF PARTS A THROUGH E ARE CONTINUED ON A SEPARATE SHEET, PLEASE CHECK HERE ☐

CE FORM 6 - Effective January 1, 2018
Incorporated by reference in Rule 34-8.002(1), F.A.C.

PAGE 2

| | |
|---|---|
| 2008 Boston Whaler | $38,000.00 |
| 2015 Boston Whaler | $70,000.00 |
| **TOTAL ASSETS:** | $29,881,734.10 |

## PART D — INCOME

Identify each separate source and amount of income which exceeded $1,000 during the year, including secondary sources of income. Or attach a complete copy of your 2016 federal income tax return, including all W2s, schedules, and attachments. Please redact any social security or account numbers before attaching your returns, as the law requires these documents be posted to the Commission's website.

☐   I elect to file a copy of my 2016 federal income tax return and all W2's, schedules, and attachments.
      [If you check this box and attach a copy of your 2016 tax return, you need not complete the remainder of Part D.]

**PRIMARY SOURCES OF INCOME (See Instructions on page 5):**

| NAME OF SOURCE OF INCOME EXCEEDING $1,000 | ADDRESS OF SOURCE OF INCOME | AMOUNT |
|---|---|---|
| Circuit Court Judge | State of Florida | $146,080.00 |
| Santander | 216-218 Santander Avenue, Coral Gables, FL | 72,000.00 |

**SECONDARY SOURCES OF INCOME [Major customers, clients, etc., of businesses owned by reporting person—see instructions on page 5]:**

| NAME OF BUSINESS ENTITY | NAME OF MAJOR SOURCES OF BUSINESS' INCOME | ADDRESS OF SOURCE | PRINCIPAL BUSINESS ACTIVITY OF SOURCE |
|---|---|---|---|
| Quail Heights | Quail Property Rentals | PO Box 850 McAfee, NJ | Property Rentals |
| Force Hearts | Fore Hearts Property Rentals | P.O. Box 850, McAfee, NJ | Property Rentals |

## PART E — INTERESTS IN SPECIFIED BUSINESSES [Instructions on page 6]

| | BUSINESS ENTITY # 1 | BUSINESS ENTITY # 2 | BUSINESS ENTITY # 3 |
|---|---|---|---|
| NAME OF BUSINESS ENTITY | Santander, LLC | Fore Hearts, LLC | Quail Heights |
| ADDRESS OF BUSINESS ENTITY | 216-218 Santander Ave., Coral Gables, FL | P.O. Box 850 McAfee, NJ | P.O. Box 850 McAfee, NJ |
| PRINCIPAL BUSINESS ACTIVITY | Property Rentals | Property Rentals | Property Rentals |
| POSITION HELD WITH ENTITY | Partner | Partner | Partner |
| I OWN MORE THAN A 5% INTEREST IN THE BUSINESS | Yes | Yes | Yes |
| NATURE OF MY OWNERSHIP INTEREST | 50% | 33.33% | 33.33% |

## PART F - TRAINING

**For officers required to complete annual ethics training pursuant to section 112.3142, F.S.**

☐   **I CERTIFY THAT I HAVE COMPLETED THE REQUIRED TRAINING.**

## OATH

I, the person whose name appears at the beginning of this form, do depose on oath or affirmation and say that the information disclosed on this form and any attachments hereto is true, accurate, and complete.

SIGNATURE OF REPORTING OFFICIAL OR CANDIDATE

John Schlesinger
Circuit Court Judge

STATE OF FLORIDA
COUNTY OF _____ MIAMI-DADE _____

Sworn to (or affirmed) and subscribed before me this ___29___ day of

___June___, 20 17 by ___John Shlesinger___

(Signature of Notary Public-State of Florida)

Mercy Londono
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known ✓   OR   Produced Identification _____

Type of Identification Produced _____

MERCY LONDONO
MY COMMISSION # FF 94618
EXPIRES: July 5th, 2017
Bonded Thru Budget Notary Services

If a certified public accountant licensed under Chapter 473, or attorney in good standing with the Florida Bar prepared this form for you, he or she must complete the following statement:

I, _____, prepared the CE Form 6 in accordance with Art. II, Sec. 8, Florida Constitution, Section 112.3144, Florida Statutes, and the instructions to the form. Upon my reasonable knowledge and belief, the disclosure herein is true and correct.

_____
Signature

_____
Date

**Preparation of this form by a CPA or attorney does not relieve the filer of the responsibility to sign the form under oath.**

**IF ANY OF PARTS A THROUGH E ARE CONTINUED ON A SEPARATE SHEET, PLEASE CHECK HERE** ☐

CE FORM 6 - Effective January 1, 2017
Incorporated by reference in Rule 34-8.002(1), F.A.C.

PAGE 2

200123

PROCESSED

FLORIDA
COMMISSION ON ETH:

AUG 01 2018

RECEIVED

**Form 6A. Disclosure of Gifts, Expense Reimbursements or Payments, and Waivers of Fees and Charges**

All judicial officers must file with the Florida Commission on Ethics a list of all reportable gifts, reimbursements or direct payments of expenses, and waivers of fees or charges accepted during the preceding calendar year as provided in Canons 5D(5)(a) and 5D(5)(h), Canon 6A(3), and Canon 6B(2) of the Code of Judicial Conduct, by date received, description (including dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid, or waived), source's name, and amount for gifts only.

Name: John Charles Schlesinger   Work Address: 1351 NW 12 Street #415 Miami Fl 33125

Work Telephone: 305 548-5718   Judicial Office Held: Circuit Judge

1.   Please identify all reportable gifts you received during the preceding calendar year, as required by Canons 5D(5)(a), 5D(5)(h), and 6B(2) of the Code of Judicial Conduct.

| DATE | DESCRIPTION | SOURCE | AMOUNT |
|------|-------------|--------|--------|
|  |  |  |  |
|  | NONE | NONE |  |
|  |  |  |  |
|  |  |  |  |

☐ Check here if continued on separate sheet

2.   Please identify all reportable reimbursements or direct payments of expenses, and waivers of fees or charges you received during the preceding calendar year, as required by Canons 6A(3) and 6B(2) of the Code of Judicial Conduct.

| DATE | DESCRIPTION (Include dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid, or waived) | SOURCE |
|------|------|--------|
|  |  |  |
|  | NONE |  |
|  |  |  |
|  |  |  |

☐ Check here if continued on separate sheet

**OATH**
State of Florida
County of MIAMI-DADE
I, JOHN CHARLES SCHLESINGER, the public official filing this disclosure statement, being first duly sworn, do depose on oath and say that the facts set forth in the above statement are true, correct, and complete to the best of my knowledge and belief.

_____
(Signature of Reporting Official)

_____
(Signature of Officer Authorized to Administer Oaths)

My Commission expires 12/16/2018
Sworn to and subscribed before me this
30th day of July, 20 18.

Notary Public State of Florida
Ileana Perez
My Commission FF 183957
Expires 12/16/2018

3/18 (As prescribed in Canon 6).

Part E Interests in Specific Businesses

| | Name of Entity #1 | Name of Entity #2 | Name of Entity #3 |
|---|---|---|---|
| Name of Business Entity | Patsy 3 Leasing/Trent Boyett | | |
| Address | Prospect Ave Hackensack, NJ | | |
| Principal Business | Property rental | | |
| Position Held | Partner | | |
| I own more than 5% interest | yes | | |
| Nature of my interest | Trent Boyett is a partner owning 33% of Patsy 3, I own 100% of Trent Boyett | | |

200123

**PROCESSED**

FLORIDA
COMMISSION ON ETHICS

**JUDICIAL QUALIFICATIONS COMMISSION FORM 6A**

JUL 03 2017

**RECEIVED**

## GIFT DISCLOSURE

All judicial officers must file with the Florida Commission on Ethics a list of all gifts received during the preceding calendar year of a value in excess of $100.00 as provided in Canon 5D(5) and Canon 6B(2) of the Code of Judicial Conduct.

Name of Judge: JUDGE JOHN CHARLES SHLESINGER    Telephone: 305-349-7078

Address: 73 WEST FLAGLER STREET, ROOM 1202, MIAMI, FL   Position: CIRCUIT JUDGE

Please identify all gifts you received during the preceding calendar year of a value in excess of $100.00, as required by Canon 5D(5) and Canon 6B(2) of the Code of Judicial Conduct.

| Gift/ Source of Gift | Value |
|---|---|
| NONE -0- | |
| | |
| | |
| | |
| | |

## OATH

State of Florida, County of M**ı**A**ı**ı-DADE

I, _John Schlesinger_ the public official filing this disclosure statement, being first duly sworn, do depose an oath and say that the facts set forth in the above statement are true, correct, and complete to the best of my knowledge and belief.

_____    John Schlesinger          (NOTARY SEAL)
(Signature of Reporting Official)   Circuit Court Judge

_____
(Signature of Officer Authorized to Administer Oaths)

MERCY LONDONO
MY COMMISSION # FF 031415
EXPIRES: July 30, 2017
Bonded Thru Budget Notary Services

My Commission expires ___July 30, 2017___

Sworn to and subscribed before me this __29__ day of ___July___, 20__17__.

(ORIGINAL OF THIS FORM FILED WITH COMMISSION ON ETHICS; COPY FILED WITH JUDICIAL QUALIFICATIONS COMMISSION)

3/17

Exhibit D

## What's the relationship between JP Morgan and Morgan ...

https://www.quora.com/Whats-the-relationship-...

Apr 12, 2015 · Morgan Stanley was formed by JP Morgan's family due to a regulation that required Corp and Investment banks to be separated. JP Morgan still owns part of Morgan Stanley, though they are not major share holders. Bonus answer ...

Citigroup vs JP Morgan, whos bigger and bett...
Jun 14, 2019

Are JP Morgan and Chase the same?
May 28, 2019

Are the roots of Morgan Stanley and JPMorga...
Jul 06, 2015

Are JP Morgan, Morgan Stanley and Chase Bank ...

## Morgan Stanley
**www.morganstanley.com**

Explore Morgan Stanley's Sustainable Investing Summit, which gathered industry leaders to share ideas and insights about innovations in sustainable finance. Institute for Sustainable Investing Entrepreneurs and the Race for Plastic Waste ...



Ex D

Showing results for chase *Manhattan* is Jp morgan
Search instead for chase Manhatan is Jp morgan



The current company was originally known as Chemical **Bank**, which acquired **Chase Manhattan** and assumed that company's name. The present name of company was formed in 2000, when **Chase Manhattan** Corporation merged with **J.P. Morgan** & Co.

JPMorgan Chase - Wikipedia
https://en.m.wikipedia.org › wiki › JPMo...

JPMorgan Chase - Wikipedia
https://en.m.wikipedia.org › wiki › JPMo...

The current company was originally known as Chemical Bank, which acquired Chase Manhattan and assumed that company's name. The present name of company was formed in 2000, when Chase Manhattan Corporation merged with J.P. Morgan & Co.
History · Financial data · Structure · Controversies

Headquarters: New York City, New York, United States
Total assets: US$2.765 trillion (2019)
Number of employees: 257,444 (2019)

Document Prepared By:
Steve P. Galiano
ReconTrust Company
2575 W. Chandler Blvd.
Mail Stop: CHDLR-C-68
Chandler, AZ 85224
(800) 540-2684

CFN 2008R0642394
OR Bk 26512 Pg 2906f (1pg)
RECORDED 08/06/2008 14:02:40
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE



When recorded return to:
MARILYN MILIAN, JOHN SCHLESINGER
1226 Alfonso Ave
Coral Gables, FL 33146

DOCID#0013000004200BN

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS: Mortgage Electronic Registration Systems, Inc. the owner and holder of a certain mortgage deed executed by
MARILYN MILIAN, JOHN SCHLESINGER
bearing date 08/29/2003, recorded on 09/05/2003 in Official Records Book 21608, Page 1391 , Instrument # 048932  in the office of the Clerk of the Circuit Court of MIAMI-DADE County State of Florida, securing a certain note in the principal sum of $1,000,000.00 Dollars, and certain promises and obligations set forth in said mortgage deed, upon the property situated in said State and County hereby acknowledge full payment and satisfaction of said note and mortgage deed, and surrenders the same as canceled, and hereby directs the Clerk of the said Circuit Court to cancel the same of record.

IN WITNESS WHEREOF the said Corporation has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the 16 day of July, 2008.



ATTEST: _____
Stacey Keeley
Assistant Secretary

Mortgage Electronic Registration Systems, Inc.

Signed and delivered in the presence of:

_____
Kimberly Robertson
Witness

By _____
Peter Lopez
Assistant Secretary

STATE OF ARIZONA
COUNTY OF MARICOPA

On 07/16/2008, before me, Ilona T. Dawidowicz, Notary Public, personally appeared Peter Lopez personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Ilona T. Dawidowicz, Notary Public
Expires: 11/30/2009

OFFICIAL SEAL
ILONA T. DAWIDOWICZ
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires Nov. 30, 2009



15020

CFN 2012R0182835
OR Bk 28033 Pg 1695 (1pg)
RECORDED [illegible]/2012 [illegible]
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

Exhibit B
Exb. [illegible]

# CORRECTIVE ASSIGNMENT OF MORTGAGE

[illegible]

MERS phone number: 1-888-679-6377
MIN: [illegible]

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES, ("Assignor") whose address is P.O. Box [illegible], Flint, MI [illegible], assigned, transferred and conveyed to: U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BAFC [illegible], ("Assignee") whose address is 1100 Virginia Drive, Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated [illegible], and recorded July [illegible], in Official Records Book [illegible], at Page [illegible], of the public records of MIAMI-DADE County, Florida, encumbering the following described real property:

> LOT [illegible], [illegible] GARDENS SECTION [illegible] PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 41, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

as the same may have been amended from time to time.

The purpose of this Corrective Assignment of Mortgage is to correct the Assignment of Mortgage recorded on [illegible] at [illegible] in [illegible], of the official records of Miami-Dade County, Florida, by Harvey Ruvin, Clerk of Court.

> * Changed to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR [illegible] FINANCIAL, LLC is not a valid entity

> MORTGAGOR(S): LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on
July 14, 2012.

By: [signature]
Name: Jacqueline Keeley
Title: Vice President

STATE OF Pennsylvania
COUNTY OF Montgomery

The foregoing instrument was acknowledged before me this 14 day of [illegible], 2012 by Jacqueline Keeley for and on behalf of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES who is personally known to me.

[signature]
Notary Public
My commission expires: 1/25/2015

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE MORALES, Notary Public
Abington Twp., Montgomery County
My Commission Expires January 25, 2015

Recording requested by, prepared under the supervision of and return to:
Kim Foster
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
[illegible] MORTGAGE, LLC

[illegible] "[illegible]" KEEP_FONT]

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office. [illegible]
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk [illegible]
#199207

F10051160

18020

Exhibit E



CFN 2008R0941616
OR Bk 26657 Pg 3525 (1ps)
RECORDED 11/20/2008 07:46:11
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING ONLY 7.8 x 45.40

FOR VALUE RECEIVED, on or before April 19, 2007, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC, ("Assignor") whose address is _____ assigned, conveyed and conveyed to: U.S. BANK N.A. ("Assignee") whose address is 1100 Virginia Drive, Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005 and recorded July 29, 2005 in Official Records Book 23633 at Page 3231 of the public records of MIAMI-DADE County, Florida, encumbering the following-described real property:

LOT 165, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 64, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

as the same may have been amended from time to time, together with the Note and indebtedness secured thereby.

MORTGAGOR(S):  LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on _____ October 24, 2008.

Witness
Typed Name: Peggy Hong

Witness
Typed Name: Laurie Kilroy

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC

By: _____
Typed Name: SHIRLEY SADE
Title: VICE PRESIDENT

Attest: _____
Typed Name: Jeffrey Stephen
Title: Assistant Secretary

(Affix Corporate Seal)

STATE OF  Pennsylvania
COUNTY OF  Montgomery

BEFORE ME, the undersigned, personally appeared  SHIRLEY SADE
and  Jeffrey Stephen  as  Vice President  and  Assistant Secretary
respectively, and known to me to be the persons who executed the foregoing instrument, and acknowledged that they executed the foregoing as its duly authorized officers and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC this  21st  day of  December , 2008.

Notary Public: _____
My commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Susan Tomlin, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Member, Pennsylvania Association of Notaries

Recording requested by, prepared by and return to:
Ralph MacGrad
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
F07012148-GMAC MORTGAGE, LLC-714012037

FILE NUMBER: F07012148

DOC_ID: M001100

## *F07012148*    *M001100*

Exhibit H

1:33



www.bing.com/search?q=mor...

morgan stanley brokerage account is m 🔍

**ALL**    NEWS    IMAGES    VIDEOS    SHOPPING



**Morgan Stanley** is both a registered **broker**-dealer and investment adviser. Your **Morgan Stanley** Access Investing ("MSAI") **account** is a discretionary investment advisory **account**. **Morgan Stanley** is responsible for implementing the model portfolios in your MSAI **account**, as well as any reasonable restrictions you may impose.

Access Investing | Morgan Stanley
www.morganstanley.com/what-we-do/wealth-m...

Feedback

**PEOPLE ALSO ASK**

    



Exhibit J

CFN: 20170717957 BOOK 30802 PAGE 2089
DATE:12/29/2017 11:30:24 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

FJUD

U.S. Bank, National Association, as Trustee for
RASC 2005AHL3

Plaintiff,

vs.

Leroy Williams; Unknown Spouse of Leroy
Williams; James Littlejohn a/k/a James L. Jolin,
James; Unknown Spouse of James Littlejohn AKA
James L. Jolin; Hohn Williams; Unknown Spouse of
Hohn Williams; Mack Wells; Unknown Spouse of
Mack Wells; Curtis McNeil; Unknown Spouse of
Curtis McNeil; Symonette Limited Partnership;
Deutsche Bank National Trust Company, as Trustee
for Franklin Credit Trust Series I; Miami-Dade
County, Florida; State of Florida, Department of
Revenue; Unifund CCR Partners, G.P.; Suntrust
Bank; City of North Miami, Florida and Tenant #1

Defendants.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

Case No. 2010-61928-CA-01



## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court on Plaintiff's Final Judgment on November
29, 2017 on. On the evidence presented, IT IS ORDERED AND ADJUDGED that Plaintiff's
Final Judgment is GRANTED against all Defendants listed by name: Leroy Williams; Unknown
Spouse of Leroy Williams; James Littlejohn a/k/a James L. Jolin, James; Unknown Spouse of
James Littlejohn AKA James L. Jolin; Hohn Williams; Unknown Spouse of Hohn Williams;
Mack Wells; Unknown Spouse of Mack Wells; Curtis McNeil; Unknown Spouse of Curtis
McNeil; Symonette Limited Partnership; Deutsche Bank National Trust Company, as Trustee for
Franklin Credit Trust Series I; Miami-Dade County, Florida; State of Florida, Department of
Revenue; Unifund CCR Partners, G.P.; Suntrust Bank; City of North Miami, Florida.

1.    Amounts Due and Owing. Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $448,000.00 |
| Interest good thru 11/29/17 | $307,333.74 |
| Late Charges | $137.20 |

| | |
|---|---|
| Prior Servicer Escrow Advance | $160,443.94 |
| Taxes 2013 | $6,909.19 |
| Taxes 2014 | $6,901.04 |
| Taxes 2015 | $7,488.14 |
| Taxes 2016 | $7,534.96 |
| Flood Insurance 2014 | $2,301.75 |
| Flood Insurance 2015 | $6,085.68 |
| Flood Insurance 2016 | $6,021.27 |
| Flood Insurance 2017 | $1,500.00 |
| Hazard Insurance 2014 | $6,392.83 |
| Hazard Insurance 2015 | $6,146.00 |
| Hazard Insurance 2016 | $6,262.00 |
| Hazard Insurance 2017 | $2,197.36 |
| | |
| Attorney's Fees Total | $4,689.00 |
| | |
| **Court Costs, New Trust:** | |
| Expert Affidavit | $14.00 |
| Service of Process | $1,935.00 |
| Publication, Notice of Action | $230.00 |
| **Additional Costs** | |
| BPO | $1,302.00 |
| Property Inspection | $1,172.25 |
| Maintenance | $340.00 |
| **GRAND TOTAL** | **$991,297.33** |

2.    Interest. The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest in accordance with Section 55.03, Florida Statues.

3.    Lien on Property. Plaintiff, whose address is 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33416, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami Dade County, Florida:

LOT 105, BISCAYNE GARDENS SECTION "F" PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property address: 15020 South River Drive, Miami, FL 33167

4.    Sale of property. If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____ JAN 2 9 2018 _____, 2015, at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031,

Case No. 2010-61928-CA-01                    2                    File # 15-F02068

CFN: 20170717007 BOOK 30602 PAGE 2001

Florida Statutes.   The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5.   Costs.  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title.  If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6.   Distribution of Proceeds.  On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7.   Right of Possession.  Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any.  Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009, which was extended until 12/31/14 by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

8.   Jurisdiction.  The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

9.   Attorney Fees. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 19.0 hours and a $2,300.00 flat fee were reasonably expended by the plaintiff's counsel and that an hourly rate of $85.00-$215.00 and a flat fee of $2,300.00 is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 S.2d 1145 (Fla. 1985).

10.   The Court finds that the legal description contained in the subject Mortgage recorded in Official Records Book 23623, at Page 3231, of the Public Records of Miami-Dade County, Florida, is incorrect.  Said Mortgage is hereby reformed to reflect the correct legal description as follows:

LOT 105, BISCAYNE GARDENS SECTION "F" PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

11.   The Court finds that Plaintiff is entitled to an equitable lien against Defendant, James Littlejohn AKA James L. Julin, Hulse Williams, Mack Wells, Curtis McNeil, Symmetric Limited Partnership's interest in the subject property, superior to the interest of the Defendants.

Case No. 2010-61928-CA-01                     3                     File # 13-F02065

CFN: 20170717807 BOOK 30802 PAGE 2002

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

DONE AND ORDERED in Chambers in Miami Dade County, Florida, this _____ day of _____, 2017.

DEC 1 9 2017

Circuit Judge          John Schlesinger
                       Circuit Court Judge

Plaintiff shall serve all parties named on the service list and "occupant" at property address

**Service List**

Willam LaCroix, Esq.
Attorney for Plaintiff
Brock & Scott, PLLC
1501 NW 49th Street, Suite 200
Fort Lauderdale, FL 33309

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER _____ 02
THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER (OR PREVIOUS ORDERS). THIS CASE IS CLOSED AS TO ALL PARTIES.
John Schlesinger Circuit Court Judge

Miami-Dade County, Florida
c/o Altanese Phenelus, Esq.
111 NW 1st Street
Miami, FL 33128
yvaldes@miamidade.gov

City of North Miami (City)
Jennifer L. Warren
776 NE 125th Street
North Miami, FL 33161
cityattorney@northmiamifl.gov

Hoke Williams
L/K/A 15020 South River Drive
Miami, FL 33167

Case No. 2010-61928-CA-01          4          File # 13-F02868

CFN: 20170717807 BOOK 30662 PAGE 2008

Unifund CCR Partners, G.P.
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I
c/o Legal Department
1761 E. St. Andrew Place
Santa Ana, CA 92705

Unknown Spouse of Hoke Williams
15020 South River Drive
Miami, FL 33167

Unknown Spouse of James Littlejohn AKA James L. Jolin
8152 NW 15th Manor, Apt FC2R
Plantation, FL 33322

Littlejohn a/k/a James L. Jolin, James
L/K/A 15020 South River Drive
Miami, FL 33167

Suntrust Bank
c/o Alisha Smith, R.A.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

State of Florida, Department of Revenue
C/o Executive Director, a registered agent or any other person authorized to accept service of
process
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

Leroy Williams
8152 NW 15th Manor, Apt. FC2R
Plantation, FL 33322

Unknown Spouse of Mack Wells
15020 South River Drive
Miami, FL 33167

Case No. 2610-61926-CA-01              2              File # 13-F02068

CFN: 20170717807 BOOK 30602 PAGE 2094

The Unknown Spouse of Leroy Williams
L/K/A 15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Mack Wells
L/K/A 15020 South River Drive
Miami, FL 33167

Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Synements Limited Partnership
L/K/A 15020 South River Drive
Miami, FL 33167

Case No. 2010-61928-CA-01            3            File # 13-F02060

interests I"Rt"P Rule 6.1 Relief from .Judgment .

*(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*

*(1) mistake, inadvertence, surprise, or excusable neglect;*

*(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);*

*3) Fraud whether previously called intrinsic or extrinsic),misrepresentation, or misconduct by*

*An opposing party*

*(c) Timing and Effect of the Motion.*

*(1) A motion under rule 60 (b) must be made within a reasonable time and for reasons (1) (2) (3)*
*No more than a year after the entry of the Judgement or order or the date of the proceeding.*

*Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter,* Accepted as true, "to state a claim to relief that is plausible on its face . "

   Judge is expected to recuse himself pursuant to 28 U,S, C. § 455 Under § 455(a), recusal is mandatory in "any proceeding in which his impartiality might reasonably be questioned." Under § 455(b), a judge is expected to disqualify himself whenever any of the five statutorily prescribed criteria can be shown to exist in fact; even if no motion or affidavit seeking such relief has been filed; and regardless of whether a reasonable person would question the judge's impartiality.

   *Section 455(b) he shall also disqualify himself in the following circumstancess.*

*(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings*

*(d)(4) "financial interest" means ownership of a legal or equitable interest, however small*

*(June 25, 1948, ch. 646, 62 Stat. 908; Pub. L. 93–512, § 1, Dec. 5, 1974, 88 Stat. 1609; Pub. L. 95–598, title II, § 214(a), (b), Nov. 6, 1978, 92 Stat. 2661; Pub. L. 100–702, title X, § 1007, Nov. 19, 1988, 102 Stat. 4667; Pub. L. 101–650, title III, § 321, Dec. 1, 1990, 104 Stat. 5117.)*

## CONCLUSIONS

   This Motion for Relief and Recusal is based on wholly new facts, related whistle blower information, willful blindness, fraud, misconduct, and discovered evidence unknown at the time of the original Complaint filing Plaintiff could not reasonably know the financial dealings with



Exhibit 'K.

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CA
CASE NO: 2007-12407-c

US Bank ,N.A.
Plaintiff(s)

April 1, 2010

Vs.

Leroy Williams
Defendant(s)

### ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11, 2008. The court finds that (1) notice prescribed by rule 1.40 (c)
Was served on April 11, 2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,

IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 2010    APR 06 7010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC-Allpaches

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office.
HARVEY RUVIN, CLERK, of Circuit and County Courts
Deputy Clerk



CFN 2004R0626859
OR Bk 22514 Pg 2791; (1ps)
RECORDED 07/26/2004 12:36:01
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

Exhibit Lead

RECORDING REQUESTED BY / RETURN TO:
Peelle Management Corporation
P.O. Box 30014, Reno, NV 89520-8027

### Satisfaction Of Mortgage

WHEREAS the indebtedness secured by the mortgage described below has been fully paid and satisfied,
CHASE MANHATTAN MORTGAGE CORPORATION,
owner and holder of the debt, hereby declares that the lien of said mortgage is forever discharged and satisfied.
Original Mortgagee: CHEMICAL RESIDENTIAL MORTGAGE CORPORATION
Original Mortgagor: JOHN SCHLESINGER, MARILYN MILIAN
Recorded in Dade County, Florida, on 10/16/95 as Inst. # 95/420253 on Book 16952 on Page 3797
Tax ID: 0341180040110
Date of mortgage: 10/13/95 Amount of mortgage: #334000.00
DATE OF SATISFACTION: 07/02/04

NOW THEREFORE, the recorder or clerk of said county is hereby instructed to record this instrument and to
cancel, release, and discharge the mortgage in accordance with the regulations of said state and county.
DATED: 07/15/2004
CHASE MANHATTAN MORTGAGE CORPORATION
F/K/A CHEMICAL RESIDENTIAL MORTGAGE CORPORATION

By: _____     _____
Jennifer Wallace                          Witness: Shawna Thompson
Vice President

_____
Witness: Judy McColley

State of Nevada
County of Washoe
On 07/15/2004, before me, the undersigned, a Notary Public for said County and State, personally appeared
Jennifer Wallace, personally known to me to be the person that executed the foregoing instrument, and
acknowledged that she is Vice President of
CHASE MANHATTAN MORTGAGE CORPORATION,
and that she executed the foregoing instrument pursuant to a resolution of
its board of directors and that such execution was done as the free act and deed of
CHASE MANHATTAN MORTGAGE CORPORATION.

_____
Notary: Steven R Carson
My Commission Expires: 03-15-08

STEVEN R. CARSON
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 04-87582-2 - Expires March 15, 2008

Prepared by: E. R. Harrison, Peelle Management Corporation, 4690 Longley Lane, Suite #8, Reno, NV 89502
LN# _____ Investor LN# _____ P.I.F.: _____
FINAL RECON.m ____ Clk: lnv/Y09 id2 07/15/04 09-026 FL Dade 292:9 162



# Are JP Morgan and Chase the same?

Exhibit M

## What are some simple steps I can take to protect my privacy online?

Many people believe that they can't do anything to protect their privacy online, but that's not true. There actually are simple...

Continue Reading

**1 Answer**

Dan Mahoney, Executive Director at JPMorgan Chase (█████-present)

The basic answer is yes. JPMorgan Chase is one big company. Different names are used for branding purposes. The JP Morgan name is used for higher end LOB and products like investment banking, the largest corporate relationships and private banking for the wealthy. Chase is used for lower end products retail branch banking, business banking (less than $20M in sales) and commercial banking (annual sales less than $500M).

Quora                    Open in App   **Sign In**

# Are the roots of Morgan Stanley and JPMorgan Chase the same (i.e. JPMorgan & Co.)? What are their histories?

Ad by DuckDuckGo

**What are some simple steps I can take to protect my privacy online?**

Many people believe that they can't do anything to protect their privacy online, but that's not true. There actually are simple...

**Continue Reading**                              >

## 3 Answers

 **Shreyans Malani, studied at London School of Economics and Political Science**
Answered Jul 7, 2015

JPMorgan Chase & Co. is the parent holding company of Chase(Commerical Bank) and JPMorgan(Investment Bank).

John Pierpont Morgan (J.P. Morgan) founded J.P. Morgan & Co., which is the predecessor to Morgan Stanley and JPMorgan Chase.
As a result of the Glass-Stegall Act of 1933, J.P. Morgan & Co. was broken up, it spun off its investment banking activities into Morgan Stanley.

J.P. Morgan & Co. continued to operate as a commercial bank. However, in the 1990's it started to rebuild its investment banking operations. In 2000, it merged with the Chase Manhattan Bank,

**Continue Reading** ⌄

**RELATED QUESTIONS (MORE ANSWERS BELOW)**

What is the history of JP Morgan Chase as a merchant bank?                            ⟩
533 Views

Open in app                                ✕

Document Prepared By:
Steve P. Gallane
ReconTrust Company
2575 W. Chandler Blvd.
Mail Stop: CHDLR-C-96
Chandler, AZ 85224
(800) 540-2684

CFN 2008R0642394
OR Bk 26512 Pg 2906; (1pg)
RECORDED 08/06/2008 14:52:40
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

*Exhibit N*

When recorded return to:
MARILYN MILIAN, JOHN SCHLESINGER
1228 Alfonzo Ave
Coral Gables, FL 33146

DOCID#20082R00642394N

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS: Mortgage Electronic Registration Systems, Inc. the owner and holder of a certain mortgage deed executed by
MARILYN MILIAN, JOHN SCHLESINGER
bearing date 08/29/2003, recorded on 09/05/2003 in Official Records Book 21608, Page 1301 , Instrument # 048632  in the office of the Clerk of the Circuit Court of MIAMI-DADE County State of Florida, securing a certain note in the principal sum of $1,000,000.00 Dollars, and certain promise and obligations set forth in said mortgage deed, upon the property situated in said State and County hereby acknowledge full payment and satisfaction of said note and mortgage deed, and surrenders the same as canceled, and hereby directs the Clerk of the said Circuit Court to cancel the same of record.

IN WITNESS WHEREOF the said Corporation has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the 16 day of July, 2008.



ATTEST: _____                    Mortgage Electronic Registration Systems, Inc.
Stacy Yadav
Assistant Secretary

Signed and delivered in the presence of:

_____                             By _____
Kimberly Robertson                                  Peter Lopez
Witness                                             Assistant Secretary

STATE OF ARIZONA
COUNTY OF MARICOPA

On 07/16/2008, before me, Ilona T. Dawidowicz, Notary Public, personally appeared Peter Lopez personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Ilona T. Dawidowicz, Notary Public
Expires: 11/30/2008

OFFICIAL SEAL
ILONA T. DAWIDOWICZ
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Expires Nov. 30, 2008

Complaint - Department of Justice

https://www.justice.gov/archive/opa/documents/complaint.pdf

1.

IN THE UNITED STATES DISTRICT COURT ... 555 4 th. Street, NW.
) Washington, DC 20530. ) ) THE STATE OF ALABAMA, ... Montgomery, AL 36130.
) ) THE STATE OF ALASKA,. ) 1031 W. 4 th. Avenue, Ste .... 420
Montgomery Street Front ... Virginia, and the District of Columbia by and through their
undersigned attorneys ...

"8 US ATTORNEYS FILED SAME COMPLAINT.

Exhibit P

Case 1:18-cv-22211-UU   Document 8   Entered on FLSD Docket 07/01/2019   Page 1 of 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-CV-22211-GAYLES**

CARL ERICKSON

    Plaintiff,

v.

RALPH W. CONFREDA, JR., et al.,

    Defendants.
_____/

## ORDER OF RECUSAL

PURSUANT to 28 U.S.C. § 455, the undersigned Judge to whom the above-styled cause is assigned hereby recuses himself and refers the case to the Clerk of the Court for reassignment.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of June, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-22211-GAYLES

CARL ERICKSON,
         Plaintiff,

v.

RALPH W. CONFREDA, JR.,
US BANK NATIONAL
JP MORGAN CHASE BANK
CARL A. LUBETSKY
ALAN WASERSTEIN
KENNETH ERIC TRENT
TERRANCE W. ANDERSON et al.,
         Defendants,

FILED BY _____ D.C.

JUN 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTIONS FOR RELIEF & RECUSAL AND MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure Rule 60, Plaintiff Carl Erickson hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the June 26th, 2016 Judge Darrin Gayles *sua sponte* review of the record and Dismissal Order [Document #4] based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits Attached-JP Morgan Chase Special Situation Property Funds FRS Account Page 42, FRS 2018 Tables 9-13, SEC Filings-US Bank Florida Subsidiaries, Gayles Financial Interests & Property Disclosures)

### FACTUAL BACKGROUND

1. On June 4th, 2018, Plaintiff Carl Erickson filed a civil action Complaint [Document #1] citing Fraud causes of action for violations of Federal tort laws, banking real estate security assets regulation violations and racketeering statutes.

2. The Complaint was based upon precedent USDC related filings accepted by non-biased professional jurists that contained *verbatim* (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought under Fed. R. Civ. P. 8.

3. On June 26th 2018, Judge Gayles issued and Dismissal Order a *sua sponte* review of the

[1]

*Exhibit Q.*

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO. 2019-030415-CA-01**
**SECTION: CA 20**

**JAMES BUCKMAN**
    **Plaintiff(s),**

**vs.**

**LANCASTER MORTGAGE CO**
    **Defendant(s).**

_____/

REASSIGNED BY BLIND
FILING TO SECTION _____ CA 02
PER ORDER OF ADM. JUDGE
THIS DATE: _____ OCT 17 2019

### ORDER OF RECUSAL

    **THIS CAUSE,** came before the Court sua sponte, and the Court being fully advised in

the premises, it is hereby:

    ORDERED AND ADJUDGED

1. That the undersigned Circuit Court Judge hereby recuses himself from further
   consideration of this case.

2. This case shall be reassigned to another section of the Circuit Civil Division in
   accordance with established procedures.

**DONE AND ORDERED** in chambers, at Miami, Dade County, Florida, this 17th day of

October, 2019.

                                    **William Thomas**
                                      **CIRCUIT COURT JUDGE** William Thomas
                                             Circuit Court Judge

Mailing Service List:
JAMES BUCKMAN, 1977 NE 119TH RD, MIAMI, FL 33181
MAURICE SYMONETTE, 4711 L J PARKWAY, UNIT 4208, SUGARLAND, TX 77479
LANCASTER MORTGAGE CO
ONE WEST BANK
EMC MORTGAGE BANKERS LLC
MORTGAGE ELECTRONIC REGISTRATION SYSTEM
DEUTSCHE BANK NATL TR CO
MERS
SERVICING AGREEMENT SERIES RAST 2006 A 8
RESIDENTIAL ASSET SECURITIZATION TR 2006 A8 +

Ex.  I

AFFIDAVIT

I Maurice Symnette was There in The Dade County
Courthouse on Flagler Street in Downtown Miami And
Witnessed Judge Zabel Sign The Document To Dismiss
With Prejudice on 04/06/2009 That was For The Case:
2007-12407-CA02, And I also witness That I saw it
on The Docket Sign Judge Zabel

Maurice
MAURICE Symnette
15020 S. River DR
Miami, Fla. 33167

X 
Feb 9, 2022


ANNIE MITCHELL
Notary Public  State of Florida
Commission # GG 360128
My Comm. Expires Jul 29, 2023
Bonded through National Notary Assn.



# AFFIDAVIT

I James Buckman was there in The Miami Dade Court House on Flazler Street in downtown Miami And I witness Judge Zabel signed The Document + dismiss with Prejudice on 04/00/2009 That was For the Case No. 2007-12407-CA04, And I'm also witness That I saw it on the docket Signed by Judge Zabel.

James Buckman Jr.
15020 S. Riverdr
Miami FL 33167

X Janne Mitchell
Feb 4, 2022



ANNIE MITCHELL
Notary Public State of Florida
Commission # GG 360478
My Comm. Expires Jul 29, 2023
Bonded through National Notary Assn.

## AFFIDAVIT

I Mack Wells was There in The Miami Dade County
Court house on Flagler Street in Downtown Miami And
I witness Judge Zabel Sign The Document To Dismiss with
Prejudice on 04/06/20?? That was For The Case Number
2007-12407-CA01 And I'm Also A witness That I
Saw it on the Docket Signed by Judge Zabel

*Mack Wells*

MACK WELLS
1502 C.S. River dR.
MIAMI FLA 33167

X *Fannie Mitchell*
   Feb, ? 2022



*Exh.* **C**



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

**US BANK (NA) VS WILLIAMS, LEROY**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2007-012407-CA-01 | **Filing Date:** | 04/26/2007 |
| **State Case Number:** | 132007CA012407000001 | **Judicial Section:** | CA32 |
| **Consolidated Case No.:** | N/A | **Case Type:** | 7 DO NOT USE - Legacy Mortgage Foreclosure |
| **Case Status:** | CLOSED | | |

👥 **Parties**                                   Total Of Parties: 5 ➕

🔨 **Hearing Details**                            Total Of Hearings: 0 ➕

🔊 **Dockets**                                    Total Of Dockets: 52 ➖

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 1 | 02/04/2022 | | Receipt: | Event | RECEIPT#:2410006 AMT PAID:$6.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3120-COPY 4 $1.00 $4.00 3121-CERTIFIED 1 $2.00 $2.00 TENDER TYPE:CASH TENDER AMT:$10.00 TENDER TYPE:CHANGE TENDER AMT:($4.00) RECEIPT DATE:02/04/2022 REGISTER#:241 CASHIER:DINGUIB |
| | 01/23/2015 | | Copy of: | Event | OF ORDER OF DISMISSAL |
| | 04/04/2014 | | Text | Event | FINAL JUDGMENT OF FORECLOSURE |
| | 04/07/2011 | | Letter of Correspondence | Event | FROM MACK L WELLS |
| | 11/04/2010 | | No Further Judicial Action | Event | ORDER FILED IN CASE # 00-8186 CA01 AND IN SHARE DRIVE |

**C pg.2**

| | | | | |
|---|---|---|---|---|
| 10/14/2010 | | Motion: | Event | **TO VACATE LAST ORDER & RETAIN ORIG.ORDER** |
| 09/28/2010 | | Motion to Vacate Dismissal | Event | |
| 08/06/2010 | | Text | Event | **RETD ORIGINAL NOTE AND MORTGAGE.** |
| 06/25/2010 | 27343:0949 | Court Order (Recordable) | Event | **B: 27343 P: 0949 VACATING, DISMISSING,CXL SALE,RELEASE LIS PENDENS, ETC..** |
| 06/20/2010 | | Motion: | Event | **ATY:00071675 TO DISMISS CASE,CANCEL FORECLOSURE SALE,ETC.** |
| 06/18/2010 | | Final Disposition Document | Event | |
| 04/07/2010 | 27244:4193 | Court Order (Recordable) | Event | **B: 27244 P: 4193 OF DISMISSAL** |
| 04/07/2009 | | Text | Event | **DISMISS FOR LACK OF PROSECUTION WITH PREJUDICE** |
| 09/09/2008 | | Objection: | Event | **TO WRITTEN DISCOVERY,MTN TO STRIKE OR,..ETC** |
| 09/09/2008 | | Notice: | Event | **THAT PLTFF HAS RESPONDED TO DEFENDANT,..ETC** |
| 08/15/2008 | | Letter of Correspondence | Event | **FROM MACK WELLS TO DISMISS FR LACK OF PROSECUTION** |
| 08/15/2008 | | Letter of Correspondence | Event | **FROM MACK WELLS TO DISMISS FOR LACK OF PROSECUTION** |
| 09/17/2007 | 25944:0542 | Court Order (Recordable) | Event | **B: 25944 P: 0542 CANCELING FORECLOSURE SALE** |
| 09/14/2007 | | Proof of Publication | Event | **PUB DATE :08/31/2007** |
| 09/14/2007 | | Proof of Publication | Event | **PUB DATE :** |
| 09/12/2007 | | Motion: | Event | **TO CANCEL FORECLOSURE SALE** |
| 09/10/2007 | | Motion: | Event | **ATY:88888888 SET ASIDE FJUD AND RECONSIDER STAY** |
| 09/10/2007 | | Text | Event | **$50 FEE PD/RCPT 145184** |
| 08/30/2007 | | Notice of Sale | Event | |
| 08/24/2007 | | Text | Event | **WRITTEN REQUEST, DISPUT VALIDITY OF ALLEGED LOAN** |
| 08/14/2007 | | Certificate Of Mailing Final Judgment | Event | |
| 08/13/2007 | | Notice of Filing: | Event | **AFFIDAVIT OF AMOUNTS DUE AND OWING** |
| 08/13/2007 | | Notice of Filing | Event | **ORIGINAL MORTGAGE AND ORIGINAL NOTE** |
| 08/13/2007 | | Text | Event | **FINAL DISPOSITION FORM** |

*Dismissed with Prejudice* (handwritten annotation)

9:02    📶 LTE

🔒 en.m.wikipedia.org

American ... based in

..., ..., and incorporated in

.... It is the parent company of **U.S. Bank** National Association, which is the 5th

... . The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 ... and 4,842

..., primarily in the Midwestern ..., and has approximately 72,400 employees.    The company also owns ...,  a processor of credit card transactions. U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the .... Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the ... ..., is held by ..., which it obtained upon its merger with

**U.S. Bancorp**



LLS. Bank

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2024-012330-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

**MACK WELLS et al**

Plaintiff(s)

vs.

**US BANK NA et al**

Defendant(s)

_____/

## ORDER OF RECUSAL

**THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

### ORDERED AND ADJUDGED

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.

2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 23rd day of July, 2024.

2024-012330-CA-01 07-23-2024 10:30 AM
Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
maurice symonette, BigBOSS1043@yahoo.com


**Physically Served:**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 24-23015-CV-WILLIAMS

MACK WELLS, *et al.*,

      Plaintiffs,

v.

U.S. BANK N.A., *et al.*,

      Defendants.

_____/

### ORDER RECUSING JUDGE AND REASSIGNING CASE

The undersigned District Judge, to whom the above-styled case has been assigned, recuses herself and refers the case to the Clerk of Court for reassignment pursuant to 28 U.S.C. § 455.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 23rd day of August, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

In accordance with the Local Rules for the Southern District of Florida, providing for the random and equal allotment of cases, this cause is hereby reassigned to the calendar of **United States District Judge** Sheri Chappell.

All documents for filing in this case shall carry the following case number and designation: 24-23015-CV-Chappell.

By Order of Court this 23 day of September, 2024.

ANGELA E. NOBLE
Court Administrator/Clerk of Court

By: *Valerie Kemp*
    Deputy Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 24-cv-23015-DPG

**MACK WELLS, *et al.*,**

      **Plaintiffs,**

**v.**

**U.S. BANK N.A., *et al.*,**

      **Defendants.**

_____/

### ORDER OF RECUSAL

PURSUANT to 28 U.S.C. § 455, the undersigned Judge to whom the above-styled cause is

assigned hereby recuses himself and refers the case to the Clerk of the Court for reassignment.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of August, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

Exh. Z4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-23015-RAR

**MACK WELLS**, *et al.*,

      Plaintiffs,

v.

**U.S. BANK N.A.**, *et al.*,

      Defendants.

_____/

### **ORDER OF RECUSAL**

    The undersigned Judge, to whom this case was assigned, hereby recuses himself and refers

this matter to the Clerk of Court for permanent reassignment in accordance with 28 U.S.C. § 455.

    **DONE AND ORDERED** in Miami, Florida, this 13th day of August, 2024.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

In accordance with the **Local Rules for the Southern District of Florida**, providing for the random and equal allotment of cases, this cause is hereby reassigned to the calendar of **United States District Judge** Kathleen M. Williams                                        .

Copies of this Order shall be served on all pending parties of record electronically *via* CM/ECF, or *via* U.S. Mail to any party not authorized to receive electronically notices of filing. All documents for filing in this case shall carry the following case number and designation:

24-cv-23015-Williams/Goodman

**BY ORDER** of the Court this ___15th___ day of August, 2024.


ANGELA E. NOBLE
Clerk of Court

By:

*Valerie Kemp*

copies provided to:
counsel of record
Clerk of Court



PRIORITY OVERNIGHT
529-1016
4314
QFEA
56 FORSYTH ST NW
ATLANTA GA
30303

CLEARED SECURITY

ORIGIN ID:TMBA    18004633339
FEDEX
750 NW 119TH ST

MIAMI, FL 33168
UNITED STATES US

TO  **ELBERT P. TUTTLE COURT HOUSE**

**56 FORSYTH STREET NORTHWEST**

**ATLANTA GA 30303**
(404) 335-6100        REF:
INV:
PO:                          DEPT:

FedEx
Express

REL#
3785346

**MON - 25 NOV 10:30A**
**PRIORITY OVERNIGHT**

TRK#  **7701 6848 3929**
020†

30303

FedEx
TRK#  7701 6848 3929
0201

**XS  QFEA**

**FRI - 29 NOV AA**
**PRIORITY OVERNIGHT**

30303
GA-US
**ATL**

4245900 27Nov2024 TMBA 581G8/39D3/5FE5

U.S. COURT OF APPEALS
RECEIVED
CLERK

NOV 29 2024